THE STATE OF MISSOURI, Appellant, *v.* J. M. DOUGLASS, Respondent.

1. *Officers* de facto — *Validity of acts.*— The acts of one who is an officer *de facto*, although his title may be bad, are valid so far as concerns the public or the rights of third persons who have an interest in the things done; and where one acts as a *de facto* judge under a law which invests him with authority, although it is unconstitutional, he is not an intruder, and his acts done under color of office must be taken to be valid and binding.

*Appeal from Jefferson Circuit Court.*

*W. S. Relf*, Circuit Attorney, for appellant.

I. During the term of court at which the indictment was found, Pipkin was at least a *de facto* officer, and his acts were valid and binding upon third parties, and cannot be called in question collaterally as in this case. (King v. Corporation of Bedford, 6 East, 369, and authorities cited; King v. Lisle, Andrews, 163; Lutwyche, 608–19.)

II. If he then were *de facto* officer, his acts were *colore officii* and valid as to and between third parties. (King v. Lisle, *supra;* People v. Collins, 7 Johns. 549; McInstry v. Tanner, 9 Johns. 135; People v. White, 24 Wend. 525, 539; Cocke v. Halsey, 16 Pet. 85; Harbaugh v. Winsor *et al.*, 38 Mo. 327; Bucknam v. Ruggles, 15 Mass. 180; King v. Corporation of Bedford Level, 1 East, 79; People *ex rel.* Ballou v. Bangs, 24 Ill. 184.)

*J. L. Thomas*, for appellant.

I. Judge Pipkin having been elected and commissioned judge of the Twenty-sixth judicial circuit, was an officer *de facto*. An officer *de facto* is one who exercises the duties of an office under claim and color of right, being distinguished on the one hand from a mere usurper, and on the other from an officer *de jure*. (King v. Corporation of Bedford, 6 East, 368; Tucker v. Aiken, 7 N. H. 131; Blackw. Tax Tit. 115.)

II. Neither the title of an officer *de facto*, nor the validity of his acts as such, can be inquired into in a proceeding to which he is not a party. The effect of this rule is to render the acts of such an officer as valid and effectual as though he was an officer *de jure*. (Plymouth v. Painter, 17 Conn. 585; Wilcox v. Smith, 5 Wend. 234; McGregor v. Balch, 14 Verm. 428; Schlenker v. Risley, 3 Ill. 483; Parker v. Baker, 8 Paige, 429; Burke v. Elliott, 4 Ired. 355; Gilliam v. Reddick, *id.* 368; Brush v. Cook, Brayt. 89; Gilmore v. Holt, 4 Pick. 257; McKim v. Somers, 1 Penn. 297; Adams v. Jackson, 2 Aik. 145; Hoagland v. Cul-

vert, 1 Spencer, 387; Farmers' & Mechanics' Bank v. Chester, 6 Humph. 458; Fowler v. Bebee, 9 Mass. 231; Douglass v. Wickwire, 19 Conn. 489; Pricket v. The People, 1 Gilman, 529.) The acts of such an officer are valid, though he holds his commission under an unconstitutional law. (*Ex parte* Strong, —Ohio, not yet reported; Am. Law Rec. 111.)

III. Public policy requires that the acts of Judge Pipkin should be held to be valid. Any other course would beget interminable confusion and endless litigation, unsettle titles to land, bastardize children, and render null and void judgments. (49 Mo. 299.)

*C. C. Whittelsey*, for respondent, cited Am. Law Reg., Sept. 1872, p. 554; The State *ex rel.* Vail v. Draper, *ante*, p. 353; Cool. Const. Lim. 393, ch. 11; Brooks v. Adams, 11 Pick. 442; Brooks v. Graham, *id.* 445; Low v. Rice, 8 Johns. 409; Clayton v. Per Dun, 13 Johns. 218; Winchester v. Ayers, 4 Greene, Iowa, 104.

WAGNER, Judge, delivered the opinion of the court.

The only question presented by this case involves the authority and validity of the acts of Philip Pipkin while acting as judge of the Twenty-sixth judicial circuit.

The Legislature, by an act approved March 15, 1872, redistricted the State into judicial circuits, and, in numbering the same, called what was formerly known as the Fifteenth the Twenty-sixth circuit. There was no change made in its territorial limits. Vail was the duly elected and qualified judge of the Fifteenth circuit, and the number of his circuit was transferred to a different part of the State. The act provided for an election in the Twenty-sixth circuit for judge thereof, and at the election Pipkin was elected, and afterwards commissioned and qualified as judge. Vail still claimed to be the judge of the circuit, contending that the act was unconstitutional, and that the Legislature had no power to deprive him of his office, or to send him to a different part of the State.

At the May term of the Jefferson County Circuit Court, Pipkin

appeared and opened court, and Vail also tried to hold the same court, but he was forcibly resisted and prevented from doing so. Pipkin then held the term, and proceeded with the regular order of business, and the indictment in this case was found by a grand jury charged and impaneled at that term. The court below held that the indictment was illegal, and the State appealed from the decision.

In the case of The State *ex rel.* Vail v. Draper, *ante*, p. 353, we held that the act, so far as it attempted to deprive Judge Vail of his office in that circuit, was unconstitutional, and that the election of Pipkin to the office was void. But it does not thence follow that, because Pipkin was not rightfully in office, his acts while assuming to hold and exercise the functions of the office are invalid.

Nothing is better settled than that the acts of an officer *de facto* (although his title may be bad) are valid so far as they concern the public or the rights of third persons who have an interest in the things done. (Harbaugh v. Winsor *et al.*, 38 Mo. 327.) Without this rule the business of a community could not be transacted. The public are necessarily compelled to do business with an officer who is exercising the duties and privileges of an office under color of right, and to say that his acts as to strangers should be void would be productive of irreparable mischief. It would cause a suspension of business till every officer's right *de jure* was established. The case of The People *ex rel.* Ballou v. Bangs, 24 Ill. 184, is entirely parallel with this. The Legislature of Illinois attempted to legislate Ballou out of his circuit, as was attempted here in the case of Vail, and Bangs was elected under the void act just as Pipkin was. The Supreme Court adjudged the act to be unconstitutional, but say in the opinion that it gave Bangs color of office, and acting, as he did, under color of office, his acts were as valid as if the law had been constitutional.

In a very late case in Connecticut, where the constitution requires that all judges shall be elected by the Legislature, a statute was passed allowing the judge of a city court of limited jurisdiction, when temporarily disabled from sitting, to appoint any justice of the peace to act in his place. Justices of the peace are not elected in that State by the Legislature. But it was held that a justice of

the peace thus appointed was a judge *de facto*, and that one who had appealed from a sentence pronounced by him on a criminal prosecution could not have the cause dismissed in the appellate court for want of jurisdiction. The court say: "Every law of the Legislature, however repugnant to the constitution, has not only the appearance and semblance of authority, but the force of law. It cannot be questioned at the bar of private judgment, and, if thought unconstitutional, resisted.; but must be received and obeyed as, to all intents and purposes, law, until questioned in and set aside by the courts." (The State v. Carroll, 6 Am. Law Rev. 754.)

Pipkin was not a mere intruder or usurper, but was commissioned, and held and acted by color of office. The law invested him with authority, and although the law was unconstitutional, still it was regularly enacted, and could not be disregarded till it was declared illegal and set aside by the courts. Wherefore I think that while acting as *de facto* judge, under color of office, his acts must be taken and deemed as valid and binding.

The judgment is reversed and the cause remanded. Judge Adams concurs. Judge Bliss absent.