THE STATE *ex rel.* LEMON *et al.* v. THE BOARD OF EQUALIZATION OF BUCHANAN COUNTY *et al.*, *Appellants.*

DIVISION ONE.

1. **County Board of Equalization:** OATH OF MEMBERS. The failure of the members of a county board of equalization to take the oath required by Revised Statutes, 1889, section 6672, before proceeding with their duties will not be fatal to the validity of the equalization.

2. ———. Where the law does not require an oath to be made in writing, such form is not essential.

3. ———: WAIVER OF NOTICE. Appearance by parties in interest before the board of equalization waives all objections as to want of notice.

*Appeal from Buchanan Circuit Court.*—HON. J. P. GRUBB, Special Judge.

REVERSED AND REMANDED.

*S. S. Brown* and *Woodson & Woodson* for appellants.

(1) Notice of the raise was properly given to respondents. R. S. 1879, sec. 6673; R. S. 1889, sec. 7519. (2) Respondents appeared before the board by attorneys and resisted the raise, which is binding on them. *State v. Gaylord*, 41 N. W. Rep. (Wis.) 518; s. c., 73 Wis. 306. (3) The board of equalization has

general, exclusive and original jurisdiction in equalizing, raising and lowering assessments of property for taxation; and its record is conclusive on those subjects in all collateral proceedings. R. S. 1879, sec. 6672; R. S. 1889, sec. 7518; *Johnson v. Beazley*, 65 Mo. 250; *St. Louis Co. v. Charles*, 47 Mo. 462. (4) Revised Statutes of 1879, section 6673, does not require notice of the intended raise of personal property. That section only requires notice to be given of the intended raise of real estate. *Mining Co. v. Neptune*, 19 Mo. App. 438. (5) Each member of the board took the oath of office prescribed by section 6672, Revised Statutes, 1879, and the neglect to record it is not fatal. *Day v. Beasley*, 54 Vt. 310; *Taber v. Wilson*, 34 Mo. App. 89. (6) The action of the board was binding, as *de facto* officers, whether they had taken the oath of office or not. Cooley on Taxation [2 Ed.] pp. 255, 317, 725; *Day v. Beasley*, 54 Vt. 310; *Oldtown v. Blake*, 74 Me. 280; *Stockle v. Silsbee*, 41 Mich. 615; *State v. Douglass*, 50 Mo. 593; *Petition of Kendall*, 85 N. Y. 302. (7) The adjournment *sine die* of the board of equalization on April 8, 1887, did not prevent it from meeting on the first Monday in April, as a board of appeals. The statute does not require the board to adjourn until the first Monday, but simply that it shall meet on the first Monday to hear reasons, etc. R. S. 1879, sec. 6673; R. S. 1889, sec. 7519; *Taber v. Wilson*, 34 Mo. App. 89. (8) And when relators entered their appearance, and resisted the raise, that gave the board jurisdiction of the persons. *Taber v. Wilson*, 34 Mo. App. 89; *State v. Gaylord*, 41 N. W. Rep. (Wis.) 518; s. c., 73 Wis. 306; *Orear v. Clough*, 52 Wis. 55; *Mining Co. v. Neptune*, 19 Mo. App. 38. (9) The board undoubtedly has the power to raise the valuation when the taxpayer undervalues his property. R. S. 1879, sec. 6673; R. S. 1889, sec. 7519; *State v. Bonnel*, 8 Atl. Rep. 116; *State v. Gaylord*, 41 N. W. Rep. (Wis.) 518; s. c., 73 Wis. 306; *Blackford v. Wilkins*,

42 N. W. Rep. 380; s. c., 77 Iowa, 493; *Railroad v. County Clerk*, 57 Mo. 223.

*H. K. White* for respondents.

(1) The statute under which the board of equalization attempted to raise the valuation of the personal property of the Tootle estate is unconstitutional in that it does not provide any means of nullifying those whose personal property is to be affected, and, therefore, any action taken by a board of equalization in reference to personal property is void. R. S. 1879, sec. 6673; Lewis on Eminent Domain, sec. 368; *Kuntz v. Sumption*, 19 N. E. Rep. 474; 117 Ind. 1; *Seifert v. Brooks*, 34 Wis. 443; *State v. City*, 42 Wis. 287; *Stuart v. Palmer*, 74 N. Y. 188. (2) The board of equalization is an inferior court of limited jurisdiction, and no presumptions will be made in favor of its acts. R. S. 1879, sec. 6671; *MacCloon v. Beattie*, 46 Mo. 391; *Cunningham v. Railroad*, 61 Mo. 33; *Jefferson Co. v. Cowan*, 54 Mo. 234; *State ex rel., etc., v. Police Com'rs*, 14 Mo. App. 297; s. c., 88 Mo. 144. (3) The record filed failed to show that the persons constituting the court had taken the oath of office as members of the board. *State v. Martin*, 6 Kan. 431; *Cambria Street*, 75 Pa. St. 357; *Rowell v. Horton*, 3 Atl. Rep. 906; 58 Vt. 1; *Ayers v. Moulton*, 51 Vt. 115. (4) No notice of the intended action of the board was given to relators. Mills on Eminent Domain, secs. 364, 365, and cases cited; Cooley on Taxation [2 Ed.] 361; *Kuntz v. Sumption, supra; Boonville v. Ormond*, 26 Mo. 193; *Darling v. Gunn*, 50 Ill. 424; *McConkey v. Smith*, 73 Ill. 313; *Nat. Bank v. Cook*, 77 Ill. 620; *Davidson v. New Orleans*, 96 U. S. 97. (5) The order of the court was made without complaint and without evidence or knowledge of the members of the board. *State ex rel. v. County*, 31 N. W. Rep. 117; 20 Neb. 595; *People v. Reynolds*, 28 Cal. 111; *People v. Flint*, 39 Cal. 670; *People v. Goldtree*, 44 Cal.

323; *State ex rel., etc., v. Police Commissioners*, 14 Mo. App. 297. (6) The order does not show what class of personal property was supposed to have been improperly valued. *Mfg. Co. v. Newell*, 2 Atl. Rep. 766; s. c., 15 R. I. 233; *People v. Reynolds*, 28 Cal. 108. (7) The board of equalization had finally adjourned, and, therefore, had lost all power to reassemble; and, therefore, even if the body· styling itself the court of appeals had called itself the board of equalization, all its acts would have been *coram non judice*, and void. See Jurisdiction, 12 Am. & Eng. Ency. Law, 244 (sub-div. Terms of Court), 296; *Stovall v. Emerson*, 20 Mo. App. 322; *State v. Todd*, 72 Mo. 288; *Dunn v. State*, 2 Ark. 229; *Parker v. Munday*, Coxe (N. J.) 70; *Brumley v. State*, 20 Ark. 77; *Labadie v. Dunn*, 47 Tex. 90; *State v. Roberts*, 8 Nev. 239; *Railroad v. Hand*, 7 Kansas, 380; *Wightman v. Krasner*, 20 Ala. 446; *Garlock v. Dunn*, 42 Ala. 404.

SHERWOOD, P. J.—The administrators of the estate of Milton Tootle procured the issuance of a writ of *certiorari* against the board of equalization of Buchanan county, for the purpose of vacating and annulling the action of the members of that board, for that they, as is alleged, without any complaint made or appeal taken or notice to relators, had changed or raised the valuation or assessment of said Tootle's personal property as returned by him in his lifetime from $104,250 to $980,000.

The board of equalization, at their meeting on the twenty-fifth day of April, 1887, and on the appearance of counsel on behalf of said administrators, reduced said last-mentioned sum to $710,000.

The return of the respondents shows that they heard evidence on the date last mentioned as to the value of the property in question, but did not preserve the same, nor was such preservation asked by relator's counsel, who fully argued the cause, and after that the

change in the valuation of the property was made.   And the transcript, which accompanies the return of the respondents, shows also that, before making the change in valuation last aforesaid, evidence was heard on the part of relators against the increase of the valuation of Tootle's personal property, as raised by the board of equalization, and, after taking the matter under advisement, made the change last aforesaid.

The result of the hearing in the circuit court was that on motion of relators the change made in the valuation of the personal property of Tootle's estate was, by the judgment of that court, vacated and annulled ; hence, this appeal.

The statutory provisions relative to the subject of this litigation are these :   "Sec. 6671.   There shall be in each county in this state, except the city of St. Louis, a county board of equalization, which board shall consist of the county clerk, who shall be secretary of the same, but have no vote, the county surveyor, the judges of the county court, and the county assessor.; which board shall meet at the office of the county clerk on the first Monday in April of each year.

"Sec. 6672.   Said board shall have power to hear complaints, and to equalize the valuation and assessments upon all real and personal property within the county which is made taxable by law, and, having each taken an oath, to be administered by the clerk, fairly and impartially to equalize the valuation of all the taxable property in such county, shall immediately proceed to equalize the valuation and assessment of all such property, both real and personal, within their counties respectively, so that each tract of land shall be entered on the tax book at its true value ; provided, that said board shall not reduce the valuation of the real or personal property of the county below the value thereof, as fixed by said state board of equalization.

"Sec. 6673.   The following rules shall be observed by county boards of equalization :   *First*, they shall

raise the valuation of all such tracts or parcels of land, and any personal property, as in their opinion have been returned below their real value, according to the rule prescribed by this act for such valuation; but after the board shall have raised the valuation of such real estate it shall give public notice of the fact, specifying the property and the amount raised, either by advertisement in a newspaper published in the county, or, if there be none, then by posters one to be put up in each township, and that said board will meet on the fourth Monday of April to hear reasons, if any may be given, why such increase should not be made; *second*, they should reduce the valuation of such tracts or parcels of land, or any personal property, which, in their opinion, have been returned above their true value, as compared with the average valuation of all the real and personal property of their county.

" Sec. 6674. The said board shall hear and determine all appeals made from the valuation of property, made by the assessor, in a summary way, and shall correct and adjust the assessment accordingly. The county clerk shall keep an accurate record of the proceedings and orders of the board, and the assessor shall correct all erroneous assessments, and the clerk shall adjust the tax book according to the orders of said board and the orders of the state board of equalization: provided, that in adding or deducting such percentum to each tract or parcel of real estate, as required by said board, he shall add or deduct in each case any fractional sum of less than fifty cents, so that the value of any separate tract shall contain no fractions of a dollar." 2 R. S. 1879.

The salient points of objection to the action of the board of equalization, upon which relators rely for an affirmance of the judgment, will now be considered.

I.   And first as to the claim that the members of the board were not sworn. It will be observed that, though section 6672, *supra*, requires the members of

VOL. 108, OCTOBER TERM, 1891. 241

The State ex rel. Lemon v. Buchanan Co. Board of Eq.

the board to be sworn, yet it does not require the fact of the oath having been taken to be recited of record. Nor does that section require the oath to be *in writing*. Unless the law expressly requires the oath to be written it need not be, nor subscribed by the affiant, but may be taken by "word of mouth." Mecham's Pub. Off., sec. 261 ; *Davis v. Berger*, 54 Mich. 652.

Though the law requires an oath of office to be taken, yet its being taken is not indispensable ; it is a mere incident of the office, constituting no part of the office itself. Mecham's Pub. Off., sec. 255 ; *State ex rel. v. Stanley*, 66 N. C. 59. And it has been ruled that though the members of a common council are required by the charter to be sworn before they enter upon the duties of their office, and they are sworn before an officer not authorized to administer the oath, they are still officers *de facto*, and a tax levied by them is not invalid, nor will it be set aside even in a direct proceeding. *State v. Perkins*, 24 N. J. L. 409.

Such persons thus situated are at least *de facto* if not *de jure* officers, and their acts are valid to all intents and purposes. *In re Petition of Kendall*, 85 N. Y. 302 ; *State v. Douglass*, 50 Mo. 593 ; Cooley, Tax. [2 Ed.] 255, 256. Besides, the members of the board of equalization were already sworn officers of the law, and were *ex officio* members of that board in consequence of their official standing.

These considerations render it wholly unnecessary to rule upon the power of the county clerk to supply certain supposed omissions in the record after the board of equalization hand adjourned "*sine die.*"

II. There is no principle more elementary or fundamental than that no one can be passed upon either in his person or estate, without being first given an opportunity to be heard. This principle has been frequently exemplified by cases adjudicated in this court. Tax proceedings constitute no exception to the rule demanding notice as a prerequisite, in order to give validity to

such proceedings. Provision for notice is part and parcel of "due process of law." Cooley, Tax. [2 Ed.] 363, 364. Even if a statute contain no provision for, or mention of, notice, the law will imply that notice is requisite. *Brown v. Weatherby*, 71 Mo. 152; *Wickham, Adm'r, v. Page*, 49 Mo. 526; *Laughlin v. Fairbanks*, 8 Mo. 370.

Now, though section 6673 is very faulty in its construction, yet guided by the principle just announced, there can be no question that notice was intended by that section to be given as to *personal* property as well as to real estate. What the law will imply is as much a part of the legislative enactment as though set forth in terms. At any rate, notice was given as that section evidently contemplates, and it was given as to the personal property in question, or sufficiently well at least to bring relators before the board of equalization when it sat to hear what might properly be brought before it for determination. There, the counsel of relators being present, the matter of the increased valuation was fully discussed upon evidence adduced, and the determination of the board of equalization announced; a board composed of the very same persons who composed the original board, and who came together again at the command of the law at a day certain, and after giving the notice the law required. The fact that their adjournment was *sine die* neither added to, nor subtracted from, the full measure of the jurisdiction which the law conferred. So that whatever irregularities had previously occurred were cured by the subsequent appearance of relators before a *quasi* tribunal having plenary powers and jurisdiction over the subject-matter, and whose action must, therefore, be regarded as final in a proceeding by *certiorari* except as to matters of jurisdiction, and that is sufficiently disclosed by the record already mentioned.

The merits of the case cannot be gone into in a proceeding of this nature. Nothing but the record is

Smith v. The C. & A. Ry. Co.

brought up in an instance like the present. *Railroad v. Board of Equalization,* 64 Mo. 294.

The appearance of relator's counsel before the board of equalization when it met at the time appointed by law, and at the time specified in the notice given, must be regarded as a waiver and cure-all of all previous defects as to notice. This is the view taken in Wisconsin under a similar statute. *State ex rel. v. Gaylord,* 73 Wis. 306. See, also, *Brown v. Weatherby, supra.*

For these reasons, we reverse the judgment and remand the cause with directions that the lower court enter a judgment restoring the valuation as made by the board of equalization. All concur.