WILSON v. KIMMEL, *Appellant.*

1. **Officer de Facto.** The appointment by the proper appointing power of an officer who has not the necessary qualifications is not void; he is *de facto* an officer and his official acts cannot be collaterally impeached.

2. ————: ALIEN: NOTARY PUBLIC. An alien who has been duly commissioned and has qualified as a notary public is such officer *de facto,* and his acknowledgment of a deed is valid.

3. **Deed, not Acknowledged:** PARTIES: NOTICE. A deed not acknowledged is good between the parties and all persons having actual notice of it.

4. **Constitution:** SUPREME COURT: TRANSFER OF CAUSE TO COURT IN BANC. A party cannot under the constitutional amendment of 1890 have a cause transferred from a division to the supreme court *in banc* simply because there is involved a question calling for the construction of the state constitution.

*Appeal from Girardeau Court of Common Pleas.*—HON. MAURICE CRAMER, Judge.

AFFIRMED.

*J. B. Dennis* for appellant.

(1) A suit in ejectment is an action at law, and this court has so often held that a plaintiff in ejectment must recover upon the strength of his own title that the citation of authorities would be supererogation. (2) The state constitution, article 8, section 12, is mandatory in its forbidding the appointment of an alien to office and its prohibition renders void every act of an alien usurping the duties of an officer. To the same effect is Revised Statutes, 1879, section 6452.

*Wilson & Whitelaw* for respondent.

(1) There was no evidence conducing to show that the land in controversy, at the time of the execution of the deed of trust, was occupied, or that Kimmel had resided thereon. The deed of trust was good as between Kimmel and the trustee and the beneficiary, even though there was no acknowledgment; as between them the only purpose which an acknowledgment could serve is to enable the grantee to place the deed on record. *Strickland v. McCormick*, 14 Mo. 166; *Harrington v. Fortner*, 58 Mo. 468; *Seimers v. Kleeburg*, 56 Mo. 196. (2) Bonney had a commission as notary

public, had given bond and duly qualified, and was acting as such, and as no question as to the legality of his appointment or title to the office had been raised by proceedings in *quo warranto*, his title to the office was unquestioned. Nor could validity of his acts be questioned by private suits between individuals, or collaterally impeached. *Clark v. Easton*, 14 N. E. Rep. (Mass.) 795; *Hamlin v. Kassafer*, 3 Am. St. Rep. 179; *Leach v. Cassedy*, 23 Ind. 449; *State v. Carroll*, 9 Am. Rep. 431; *State v. Douglass*, 50 Mo. 593. (3) If William Bonney was constitutionally ineligible to be appointed a notary public, but was commissioned a notary public, and qualified by executing bond, and acted and discharged the duties of a notary public, the law will not allow his acts to be questioned collaterally, and they are as valid as to the public and as to third persons, who have an interest in the thing done, as if he was *de jure* a notary public. *Peterselia v. Stone*, 20 Am. Rep. 335; *Burton v. Patten*, 62 Am. Dec. 194; *St. Louis County Court v. Sparks*, 10 Mo. 121.

BLACK, J.—This is ejectment for fifty-five acres of land in or near the city of Cape Girardeau. Judgment for plaintiff, and defendant appealed. The defendant and his wife, by their deed dated the first of September, 1879, conveyed this and other lands to Robert L. Wilson in trust to secure a note for $1,800, made by the defendant, payable to the plaintiff as guardian for certain minors, in three years after the date thereof. Default having been made in the payment of the debt, the trustee sold the property on the twenty-seventh of July, 1889, and the plaintiff became the purchaser and received a deed therefor.

1. The defendant insists that the plaintiff acquired nothing by his purchase and deed from the trustee,

because the deed of trust was acknowledged before a person who, though commissioned and acting as a notary public, was an alien, and, therefore, disqualified to hold the office. The deed was acknowledged before William Bonney, who received his commission as notary public, qualified by giving bond and entered upon the discharge of his official duties in December, 1878. At that time he was fifty years of age. He came to this country with his father from England when about ten years old. His father died in five or six months after he arrived here. William has not received nor did he ever apply for naturalization papers.

The constitution provides that no person shall be elected or appointed to any office in this state, civil or military, who is not a citizen of the United States; and the statute giving the governor power to appoint notaries public provides that no person shall be so appointed who is not a citizen of the United States and of this state.

Although Mr. Bonney was an alien, and, therefore, did not possess the qualifications to hold the office of a notary public, still it does not follow that his acts as such officer are void. This court said in *County Court v. Sparks*, 10 Mo. 118: "When the appointing power has made an appointment, and a person is appointed who has not the qualifications required by law, the appointment is not, therefore, void. The person appointed is *de facto* an officer; his acts in the discharge of his duties are valid and binding. He may be guilty of usurpation, and be punished for acting without being qualified; but the peace and repose of society imperiously require that his official acts, so far as others are concerned, should be valid. This is true of the highest and lowest officers, from the governor to the constable." The law is well settled that the acts of an officer *de facto* are valid so far as they concern the

public or the rights of third persons who have an interest in the things done. Their official acts cannot be impeached collaterally. *Harbaugh v. Winsor*, 38 Mo. 327; *State v. Douglass*, 50 Mo. 593; *State v. Dierberger*, 90 Mo. 369; *Hamilton v. Pitcher*, 53 Mo. 334; *Hamlin v. Kassafer*, 3 Am. St. Rep. 176; s. c., 15 Or. 455.

Here Mr. Bonney was duly commissioned a notary public, and he qualified by giving bond as the law requires; he, therefore, had color of title to the office, and though he did not possess the qualifications to hold the same still he was a *de facto* officer, and his acts as such officer are valid. ·Any other rule would undo official acts, upon the validity of which the parties interested therein had and have a right to rely, and would produce the most disastrous results. The objection to the acknowledgment is, therefore, overruled.

2. ´ But, if this deed of trust had not been acknowledged or recorded, it would be valid as between the plaintiff and the defendant.

Though a deed is not acknowledged, still it is good and valid as a conveyance as between the parties themselves and all persons having actual notice of it. *Heirs of Strickland v. Heirs of McCormick*, 14 Mo. 166; *Harrington v. Fortner*, 58 Mo. 468; *Bennett v. Shipley*, 82 Mo. 448; *Chandler v. Bailey*, 89 Mo. 642.

3. The defendant has filed a motion to transfer this case to court *in banc* on the ground that the main issue involves the construction of the provision of the constitution of this state before mentioned. The fourth section of the amendment adopted in 1890 gives either party a right to have a cause transferred to court *in banc* "when a federal question is involved," but a party has no such right simply because there is in the case a question calling for the construction of the constitution of this state. As the defendant is not entitled to have the case transferred as a matter of right, and as we see

no reason whatever why we should transfer it to court *in banc*, the motion is overruled. The judgment is affirmed.

These observations dispose of all the objections urged in this court, and the judgment is, therefore, affirmed. All concur.