GEORGE L. EDWARDS, Appellant, v. CITY OF KIRKWOOD, Respondent.

St. Louis Court of Appeals, Submitted on Briefs December 8, 1911.   Opinion Filed January 9, 1912.

1. MUNICIPAL CORPORATIONS: Officers: City Attorney: Compensation for Special Services. Employment as a city attorney includes services rendered in connection with a special tax matter and compensation as city attorney covers such services, and the city collector may not contract with him for additional compensation from the city for services in such matter.

2. ————: Ordinances: Construction: Conflict with Statutes. An ordinance of a city which authorizes the mayor, with the approval of the board of aldermen, to appoint a city attorney,

Edwards v. Kirkwood.

who shall hold office for one year at an annual salary payable in monthly installments, is not in conflict with section 9310, Revised Statutes 1909, authorizing the mayor, with the consent of the board of aldermen, to remove from office any appointive officer at will, and the ordinance and statute may stand together, since, under the ordinance, the appointment could be for one year, subject to the right of the mayor and board of aldermen, under the statute, to remove the appointee at will.

3. ———: ———: ———: ———. Unless there is such a repugnancy between a statute and an ordinance as to render the latter void, the courts will not declare it void, and where both can stand together, the courts must so construe them that they will stand in harmony.

4. ———: De Facto Officers: City Attorney: Compensation for Special Services. Where an attorney was paid the salary of city attorney and referred to himself as the successor in office of the preceding city attorney, the fact that he failed to take the oath of office, as required by section 9323, Revised Statutes 1909, would not prevent him from being a *de facto* officer, so as to preclude a claim of additional compensation for services in a special tax matter, rendered pursuant to a contract with the city collector.

5. ———: ———: ———: ———: Sufficiency of Evidence. In an action against a city by an attorney, for services rendered in a special tax matter, pursuant to employment by the city collector, evidence *held* to warrant a finding that plaintiff was *de facto* city attorney and drew salary as such, at the time such services were rendered, so as to preclude a recovery therefor against the city.

6. OFFICERS: Estoppel to Deny Holding Office. One may not accept the emoluments of an office and yet repudiate the office.

7. APPELLATE PRACTICE: Conclusiveness of Finding of Facts. The finding of a trial judge, when supported by evidence, is binding on the appellate court.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney*, Judge.

AFFIRMED.

*Geo. L. Edwards pro se.*

(1) The defendant had the power to enter into with the plaintiff the contract sued upon, and even

162 App.—37

if defectively executed, the plaintiff is entitled to recover thereon to the extent of services rendered under said contract. Laws of Missouri 1903, p. 81; Edwards v. Kirkwood, 147 Mo. App. 599. (2) The defendant wholly failed to show that plaintiff was at the time of making the contract sued upon, and during the period of performance thereof, city attorney of the defendant. R. S. 1909, sec. 9223.

*Robert C. Powell* for respondent.

The employment of plaintiff was without authority of law. Edwards v. Kirkwood, 147 Mo. App. 599; Laws of Missouri 1903, page 81; Const., art. 4, sec. 48; Const., art. 14, sec. 8; Carroll v. St. Louis, 12 Mo. 444; Ruggles v. Collier, 43 Mo. 353; St. Louis ex rel. v. Clemens, 43 Mo. 395; 1 Dillon on Municipal Corp. (4 Ed.), sec. 96; 20 Am. & Eng. Ency. Law (2 Ed.), 1217; Sheehan v. Gleason, 46 Mo. 100; St. Louis v. Russell, 116 Mo. 248; E. St. Louis v. Thomas, 11 Ills. App. 283; Pinney v. Brown, 60 Conn. 164; Broom's Legal Maxims (7 Ed.), 838; Joyce on Electric Law (2 Ed.), sec. 236; Mechem's Public Officers, sec. 567; Tiedeman on Municipal Corporations, sec. 113; Throop's Public Officers, sec. 573; 1 Am. & Eng. Ency. Law (2 Ed.), 975-976.

REYNOLDS, P. J.—This case was heretofore before this court on appeal of plaintiff from a decision of the circuit court of the county of St. Louis, sustaining a demurrer to the amended petition. At that time the city of Kirkwood and Mr. Pagenstecher, its collector, were defendants. We held that the demurrer had been properly sustained as to the collector, but that it had been improperly sustained as to the city. The case was accordingly reversed and remanded that it might proceed against the city alone. The opinion of our court will be found re-

ported under the title Edwards v. City of Kirkwood et al., 147 Mo. App. 599, 127 S. W. 378. The case then went to trial upon the same amended petition that had been passed on by our court. The city answered, denying any obligation and pleading certain ordinances in bar. To this a reply was interposed which, among other matters, set up that an ordinance pleaded was inconsistent with section 5904, Revised Statutes 1899, now section 9310, Revised Statutes 1909. The case was tried by the court, a jury being waived, evidence heard, all instructions asked by plaintiff refused, and a finding and judgment "for defendants," court and counsel apparently overlooking the fact that the collector was out of the case. From this plaintiff perfected his appeal, having duly saved exceptions to the various adverse rulings of the court both in the admission and exclusion of evidence and in overruling his motion for a new trial.

While counsel for appellant makes six assignments of error he has briefed and argues only two propositions: First, that defendant had the power to enter into the contract sued upon with plaintiff and even if that contract had been defectively executed, plaintiff is entitled to recover thereon to the extent of services rendered under the contract. Second, that defendant has wholly failed to show that plaintiff at the time of making the contract sued upon and during the period of performance thereof, was the city attorney of defendant.

The power of the collector to enter into the contract with plaintiff depends not only upon the question as to whether plaintiff, at the time of that appointment, was the city attorney of Kirkwood, but as to whether the contract made was within the power conferred upon the collector. If plaintiff, when employed by the collector, was city attorney, then the collector had no power to enter into the contract with him, for his employment as city attorney must be held

to include the services which he claimed to have rendered in connection with this special tax matter, and his compensation as city attorney must be held to cover that employment. The city of Kirkwood is a city of the fourth class, organized under what is now article 5, chapter 84, Revised Statutes 1909. Section 9313 of the revision of 1909, which was section 5907, Revised Statutes 1899, as amended in 1903 (see Laws of 1903, p. 81), in defining the powers and duties of the mayor and board of aldermen, and after vesting them with power to appoint a city attorney, proceeds: "and if deemed for the best interests of the city, the mayor and board of aldermen may, by ordinance, employ special counsel to represent the city, either in a case of a vacancy in the office of city attorney or to assist the city attorney, and pay reasonable compensation therefor." The ordinance of the city of Kirkwood (Bill No. 307, Ordinance No. 301), pleaded in the answer and given in evidence, is entitled, "An ordinance regulating the appointment, defining the duties and fixing the salary of the city attorney," and provides, among other things, that the mayor shall appoint a city attorney with the approval of a majority of the members of the board of aldermen and that he shall hold the office for a period of one year, and that his duties shall be, among other things, to prosecute or defend "all suits that may be brought by or against the city in any court of record in this state," and to advise the board of aldermen and city officers, "in all matters pertaining to the affairs of the city, and for that purpose to attend all meetings of the board of aldermen." His annual salary is fixed at $600, payable in monthly installments of fifty dollars each.

It is claimed by appellant in his reply and at the trial that this ordinance is in violation of section 5904, of the Revised Statutes of 1899, now section 9310, Revised Statutes 1909, in that it provides for the ap-

pointment of a city attorney, who shall hold his office for a period of one year, whereas section 5904, Revised Statutes 1899, now section 9310, Revised Statutes 1909, provides that the mayor, with the consent of a majority of the members of the board may remove from office any appointive officers of the city at will.

Disposing of this objection, which was not specifically passed on by the trial court when made at the trial, but taken under advisement, we do not think that the conflict exists. It might be that the appointment was for a year, under the ordinance, and it still, under the statute, be within the power of the mayor, with the consent of a majority of the board of aldermen, to remove the appointee at will. The two provisions can stand together and are not necessarily repugnant. Unless there is such repugnancy between the general statute and the ordinance as to render the latter null and void, courts will not, any more than in the case of repugnancy between laws, declare either void; if both can stand together and be of effect, it is the duty of the court to construe them so as to harmonize and not nullify either. It may be that construing the ordinance and the statute together, an officer appointed for a definite term, could only be removed at will when he had been heard on the charges and if those are sustained, be removed for cause (State ex rel. v. Maroney et al., 191 Mo. 531, 90 S. W. 141), but on this last proposition we express no opinion.

Whether plaintiff, when employed by the collector was the city attorney, is very largely a question of fact. It is true that plaintiff testifies unequivocally that when the mayor solicited him to accept the appointment of city attorney, he declined it on the ground of other business and that he could not afford to attend to any more than the ordinary routine matters of the office for the compensation of the office. He also testifies that he took it on this distinct under-

standing between himself and the mayor. He has furthermore testified that he never took the oath of office as city attorney. While there was evidence tending to show that he had resigned that office and that the fact of the refusal of his resignation was noted on the minutes of the proceedings of the board of aldermen and that it was afterwards noted in the same record that his resignation had subsequently been accepted, plaintiff testified that he had no knowledge of these transactions and disclaimed being bound by these records. There was evidence, however, tending to show that covering the period of service charged for in this action, plaintiff had been paid the regular salary of the city attorney, fifty dollars a month, and that in at least one communication to the mayor of the city, and concerning the enforcement of these sewer taxbills, he had referred to himself as the successor in office of the preceding city attorney. Admitting that he had not duly qualified by taking the oath of office, beyond question there was evidence in the case from which the trial court had a right to draw the inference that plaintiff was *de facto* city attorney of the city of Kirkwood at the time of entering into this contract and covering the period of the performance of the services for which he sues. It is true that section 9323, Revised Statutes 1909, provides that if any person elected or appointed to any office shall fail to take and subscribe the oath of office, his office shall be deemed vacant. But we have always recognized in this state that we may have officers *de facto* as well as *de jure*. [State v. Douglass, 50 Mo. 593; Wilson v. Kimmel, 109 Mo. 260, 1. c., 264, 19 S. W. 24; County of Ralls v. Douglass, 105 U. S. 728, 1. c. 730.] In State ex rel. Lemon v. Board of Equalization of Buchanan County, 108 Mo. 235, 1. c. 241, 18 S. W. 782, it is held that although the law requires an oath of office to be taken, it is not indispensable; it is a mere incident of the office, constituting no part of the office itself. We

have found no decision of our Supreme Court to the contrary.

It hardly lies in the mouth of plaintiff to invoke this statute and to say that he was not an officer, as there is evidence tending to show he accepted the emoluments of the office. It is often said that the emoluments go with the office. It will hardly do to say that one may hold on to the emoluments and repudiate the office.

Under the evidence the learned trial judge was warranted in refusing the declarations of law asked for by plaintiff, which practically were directions for a verdict in his favor.

The finding of the trial judge as to this question of attorneyship is supported by evidence and is binding on us. We discover no reversible eror in the record. The judgment of the circuit court is affirmed.

*Nortoni* and *Caulfield*, JJ., concur.