**STATE of Missouri, Appellant,**

v.

**Larry SMITH, Respondent.**

**No. 71789.**

Supreme Court of Missouri, En Banc.

Nov. 14, 1989.

Stanley D. Williams, Sp. Asst. Pros. Atty., St. Clair, for appellant.

Mark S. Vincent, Union, for respondent.

ROBERTSON, Judge.

The State charged Respondent, Larry Smith, with a violation of the ordinances of the Union Fire Protection District (the "District"), a misdemeanor under Section 321.220, RSMo 1986. Smith moved to dismiss the information. He argued that the ordinance under which he was charged was

---

void because the members of the Board of Directors had failed to file their oaths of office with the Circuit Clerk as required by statute and were, therefore, not qualified to act. The trial court agreed and dismissed the charge. The State appealed.

The Court of Appeals, Eastern District, in considering its jurisdiction, sua sponte, injected an issue into the case not raised by the parties. The court of appeals wondered whether Section 321.220(12), RSMo 1986, which declares violations of fire protection district ordinances to be misdemeanors, is constitutional. Transmuting the issue before it into one involving the validity of the statute, the court of appeals transferred the case to this Court. Mo. Const. art. V, § 11. Reversed and remanded.

## I.

The facts are stipulated. The State charged Respondent, Smith, with failure "to provide proper exit doors in building [sic] located at 1710 West Highway 50, Union, Missouri...." The information averred that such failure violated Ordinance No. 5, Sections 807.5, 812.2 and 812.4.1 of the District's fire code and Section 321.220(12), RSMo 1986.

Smith moved to dismiss the charges arguing, inter alia, that the ordinance upon which the State based the information was invalid "on the grounds that the Board which allegedly passed same was not legally constituted or qualified." Specifically, Smith argued that the members of the Board had failed to file their oaths of office with the Franklin County Circuit Clerk; as a result, Smith posits, the acts of these officers are a nullity.

The Union Fire Protection District was incorporated pursuant to the provisions of Sections 321.010 to 321.620, RSMo 1986. In 1971, the voters of the District assented to the incorporation of the District and elected three persons to act as the District's first Board of Directors. The District's initial directors filed their oaths of office with the Circuit Clerk of the Franklin County Circuit Court pursuant to Section 321.160, RSMo 1986. Subsequently elected members of the Board of Directors

have failed to file their oath of office with the Circuit Clerk of Franklin County, although required to do so by Section 321.210, RSMo 1986. However, all Board members of the District elected after 1971 have filed their oaths of office with the Secretary of the Board of Directors of the District and such oaths of office are part of the records of the District.

The trial court found that the current members of the District Board are not qualified to act as a result of their failure to file the oaths of office. This appeal followed.

## II.

We consider first our jurisdiction.

The Constitution vests general appellate jurisdiction in the court of appeals. Mo. Const. art. V, § 3. Whether an appeal falls within that general jurisdiction, or the exclusive appellate jurisdiction established for this Court by the constitution, id., is determined by the issues raised and preserved in the trial record. Neither this Court nor the court of appeals possesses the inherent power to create or defeat jurisdiction by a sua sponte discovery that a constitutional issue lies lurking, but hidden from the parties to the litigation. *City of St. Louis v. Butler*, 358 Mo. 1221, 219 S.W.2d 372, 378 (Mo. banc 1949); *Christiansen v. Fulton State Hospital*, 536 S.W.2d 159, 160 (Mo. banc 1976).

Considering the failure of our jurisdiction, we would retransfer this case to the court of appeals under normal circumstances. However, given our authority under Mo. Const. art V, § 10 to transfer cases prior to appeal, and because retransfer to the court of appeals would unnecessarily burden both the judicial system and the parties, who have already made one appearance at the court of appeals, we will consider the merits of the point properly preserved on appeal. *Pace v. City of Hannibal*, 680 S.W.2d 944, 946 (Mo. banc 1984); *Christiansen*, 536 S.W.2d at 160 (Mo. banc 1976).

## III.

■ On the sole point preserved on appeal, Respondent argues that the District cannot act to enforce an ordinance passed by the directors who have not qualified for their office by filing their oaths of office with the circuit clerk. Respondent's argument proceeds from the premise that failure of the Directors to file their oaths with the circuit clerk terminates the District's power to enforce its ordinances. Respondent's premise is incorrect.

The law in this state has long held that a public entity's authority to act continues even if the officers through whom it acts hold a technically invalid title to their office. "[W]e have always recognized in this state that we may have officers de facto as well as de jure." *Edwards v. City of Kirkwood,* 142 S.W. 1109, 1110 (Mo.App.1912). "Nothing is better settled than that the acts of an officer de facto (although his title may be bad) are valid so far as they concern the public or the rights of third persons who have an interest in the things done." *State v. Douglass,* 50 Mo. 593, 596 (1872), citing *Harbaugh v. Winsor,* 38 Mo. 327, 328 (1866).

Nevertheless, Respondent contends that the rule followed in the cases arose as a matter of economic necessity and ought not to apply in a noncommercial venue. Indeed, *Douglass* says:

> The public are necessarily compelled to do business with an officer who is exercising the duties and privileges of an office under color of right, and to say that his acts as to strangers should be void would be productive of irreparable mischief. It would cause a suspension of business....

50 Mo. at 596. Respondent argues for a different rule when a person is charged with a criminal act in violation of the acts adopted by public officers. He suggests that for purposes of criminal culpability, technical compliance with all statutory requirements of office is mandatory; failure to comply with those statutory require-ments renders the acts of the officers a nullity.

We disagree. Economic necessity is not the sole rationale for the rule followed by the courts regarding de facto/de jure officers. The public entrusts to elected officers responsibility for the conduct of the entirety of the affairs of the public entity. That responsibility extends not only to commercial affairs, but often to the establishment of governmental policies that determine, as here, the obligations citizens bear one to another to maintain safety in buildings to which the public is invited. For this reason, among others, this Court has held: "Though the law requires an oath to be taken, yet its being taken is not indispensable. It is a mere incident of the office, constituting no part of the office itself." *State ex rel. Lemon v. Board of Equalization,* 108 Mo. 235, 18 S.W. 782, 783 (Mo. 1891).[1]

We see no reason to create an exception to the long standing rule recognizing the validity of the acts of de facto officers. Smith's point is denied.

## IV.

The judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.

BLACKMAR, C.J., RENDLEN, HIGGINS, COVINGTON and BILLINGS, JJ., and FLANIGAN, Special Judge, concur.

HOLSTEIN, J., not participating because not a member of the Court when the case was submitted.

---

1. In *Lemon,* the Court refused to set aside a tax levied by officers who had not taken the oath of office. "[T]hey are still officers de facto," the Court held, "and a tax levied by them is not invalid, nor will it be set aside, even in a direct proceeding." *Id.*