BROWN v. WEATHERBY *et al.*, *Plaintiffs in Error.*

1. **Proceedings by Administrator de bonis non to Compel former Administrator to Account**: PRACTICE: NOTICE. It was necessary to the validity of a proceeding in the probate court instituted by an administrator *de bonis non* under section 67 of article 1 of the administration law, (1 Wag. Stat., 81,) to recover assets not accounted for by the former administrator, that he, as well as his sureties, should be notified; but if, after appeal, the administrator entered his appearance in the circuit court, that authorized the rendition of a judgment there against both him and the sureties.

2. **Administrator's Bond.** It is not essential to the validity of an administrator's bond that it shall have been approved by the probate court.

3. ———: DELIVERY: ERASURE OF NAMES OF SURETIES. An administrator's bond, after being signed, was placed by the administrator in a pigeon-hole of a desk where other probate papers were kept, and at which business of a probate nature was transacted, and which was in the office of the judge of probate and under control of himself and his clerk; and, thereupon, the administrator entered upon the discharge of his duties; *Held*, that these facts sufficiently proved

delivery and acceptance of the bond. *Held*, further, that the subsequent erasure of the names of the sureties would not release them from liability.

*Error to DeKalb Circuit Court.*—HON. JOS. P. GRUBB, Judge.

AFFIRMED.

*S. S. Brown* and *J. D. Strong* for defendant in error.

*Bennett Pike* for plaintiffs in error.

SHERWOOD, C. J.—This was a proceeding under section 67, page 81, 1 Wagner's Statutes, originating in the probate court of DeKalb county. One Weatherby, as public administrator, had formerly in his charge the estate of Hardwick. He failed, on ceasing to act in that capacity, to deliver to his successor, Brown, the assets of the estate, and the latter, therefore, issued a notice to Weatherby, and his official sureties, informing them that he, at the next term, would move for a judgment against them, for the rendition of the assets of the estate to him, the said administrator *de bonis non*. Three of the sureties were, but the former public administrator was not, served with notice. The sureties who were served appeared and made defense. The circuit court, on appeal had, found that Weatherby had in his hands unaccounted for, $2,040.10 belonging to said estate, and gave judgment against both the former public administrator and his sureties, for that sum.

## I.

The chief question in this case is, whether the court had any authority to render judgment against the sureties when their principal was not sued, and did not appear. It is among the fundamentals of the law that a personal judgment rendered without opportunity to the party sued of being heard, should not be permitted to stand. It was ex-

1. PROCEEDINGS BY ADMINISTRATOR DE BONIS NON TO COMPEL FORMER ADMINISTRATOR TO ACCOUNT: practice: notice.

pressly held in *Wickham v. Page*, 49 Mo. 526, that though no notice is in terms required by section 67, yet the law will of itself, and of necessity, imply that notice be given to the party against whom judgment is asked, and this ruling is in accord not only with first principles, and the case just cited, but with the earlier one of *Laughlin v. Fairbanks*, 8 Mo. 370. This point, so plain, both upon reason and authority, would scarcely seem to need elaboration. The proceeding in question is summary, and, therefore, to be strictly construed in accordance with a familiar principle.

The section being considered evidently contemplates the personal presence of the late administrator in order that he may obey the order of the court and deliver to his successor the assets of the estate. He cannot be deemed disobedient to the order of the court, unless notified that such an order will be made, and opportunity be thus afforded him to either yield obedience to that order, or else show lawful excuse why the order should not go., And the liability of the sureties is dependent upon that of their principal; if he is not liable in consequence of no assets of the estate being in his hands, or because he has already, without being so ordered, delivered such assets to his successor, then they are not liable. In order that it may be adjudicated whether he be thus liable, it is of first necessity that opportunity be given him, touching the things alleged against him. In illustration of this the case of *Caldwell v. Lockridge*, 9 Mo. 362, may be cited. There the administrator having given notice, and made final settlement, was discharged. After such discharge and in the absence of the administrator, but before the close of the term, the matter of the settlement was opened, and a different settlement was made, and held, that such settlement thus made was a nullity. This ruling evidently proceeds upon the theory that notice is a conspicuous and indispensable element of jurisdiction, and that the principle is applicable as well to administration proceedings as to any other

whatsoever. In the case at bar, either through resigna-
tion, or else expiration of his term of office, all connection
of the public administrator with the estate of Hardwick
had as obviously ceased as if he had made final settlement
and been discharged, as in Caldwell's case.

If Weatherby had, conformably to the provisions of
section 47 of the same chapter, given notice of his intended
resignation, and of making final settlement, and at such
settlement, the amount of money in his hands, as public
administrator, had been computed, ascertained and declared,
perhaps the present proceeding against his sureties would
not be objectionable, for the sureties would have been
answerable for the ascertained default — a default computed
while the public administrator was present and the juris-
diction of the court over him had not ceased. Here, how-
ever, the record discloses a different case — a case for which
the statute has provided two remedies — one summary, to
which we have been adverting — the other consisting in a
suit on the bond; in which suit, by express statutory per-
mission, one or more of the obligors might be held liable
for any default or breach of the conditions of the official
bond. In a word, we hold that, under the provisions of
section 67, you cannot render a judgment against the sure-
ties and their principal, when that principal has not been
summoned, and when, as here, no steps were taken while
the administrator remained in office, to have the amount of
money in his hands judicially ascertained, and an order for
its rendition made while the administrator was before the
court. Perhaps service may yet be had on the former pub-
lic administrator. If not, resort must be had to his bond.

## II.

As to that bond, there was no necessity that it should
2. ADMINISTRA-　have been approved in order to its validity.
TOR'S BOND.　　*State v. Farmer*, 54 Mo. 439, and cases cited.

And, in reference to its delivery, the evidence shows
that it, after being signed, was placed by the principal

3. ———: delivery: therein in a pigeon-hole of the desk, where
erasure of names
of sureties.        other probate papers were kept, and at which
business of a probate nature was done.   This desk was in
the office of the judge of probate, and under his control
and that of his clerk.   These facts, taken in connection
with the one that, after filing the bond, Weatherby entered
on the discharge of his duties as public administrator, suf-
ficiently establish the delivery and acceptance of the bond.
Of course, after the bond was thus delivered, it was entirely
out of the power of Weatherby, or, indeed, any one else,
to release the bondsmen by merely erasing their names
from the bond.   For the error committed in entering judg-
ment, as above indicated, the judgment will be reversed
and the cause remanded.   All concur.

## On Rehearing.

SHERWOOD, C. J.—Our former opinion as to the chief
point involved in this case was based upon the failure to
serve Weatherby, the first administrator, with notice.
Since delivering that opinion, however, our attention has
been called to the overlooked fact that, though Weatherby
was not served with notice, and did not appear in the pro-
bate court, yet that the record shows his appearance in the
circuit court when the case went there on appeal, for trial
de novo.   This recital of the record, which must be re-
garded as true, obviates any objections heretofore taken
because of non-service of notice on the administrator, or
of his non-appearance in the probate court, and results in
the affirmance of the judgment.   All concur.