STATE ex rel. LANGSTON, Appellant, v. CANTERBURY et al., Respondents.

**St. Louis Court of Appeals, April 2, 1907.**

1. **ADMINISTRATION: Proceeding Against Former Administrator: Sureties on Administrator's Bond.** A summary proceeding under section 48, Revised Statutes 1899, against a former administrator who has resigned or whose letters have been revoked, should also be against his sureties, and a judgment rendered against such former administrator should be against his sureties also.

2. ———: ———: **Judgment as to Only One of Severai Defendants.** In a proceeding under section 48, Revised Statutes 1899, against a former administrator, where the judgment was rendered against the administrator alone and there was no dismissal of the cause as against his sureties, the judgment rendered was not a final disposition of the cause and the same was still pending as to the sureties.

3. ———: ———: **Liability of Sureties.** In a proceeding against an administrator under section 48, Revised Statutes 1899, if the same was dismissed as to the sureties and judgment rendered against the administrator, a subsequent action on the administrator's bond against such sureties was a proper proceeding and they were liable in such proceeding for the amount found to be due by the administrator.

124 App—16

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,*
Judge.

REVERSED AND REMANDED.

*Orr & Luster* for appellant.

The judgment of the Howell Circuit Court disallowing as credits the two notes in question is binding on Sam F. Canterbury against whom that judgment was rendered, and is equally binding on his sureties. State ex rel. v. Donegan, 12 Mo. App. 190, 83 Mo. 374; State ex rel. v. Leslie, 83 Mo. 60; State ex rel. v. James, 82 Mo. 509; State ex rel. v. Crensbauer, 68 Mo. 254; Dix v. Morris, 66 Mo. 514; State ex rel. v. Holt, 27 Mo. 340; State ex rel. v. Rucker, 59 Mo. 17; Stearns on Suretyship, sec. 193.

*James Orchard* for respondent.

Our second contention is that plaintiff proceeded in the probate court of Howell county, Missouri, under section 48, Revised Statutes 1899, in lieu of an action on the administrator's bond, and we contend that he is now estopped from suing on the bond. An administrator *de bonis non* may elect to proceed in a summary way, or he may sue on the bond; in other words, plaintiff has his option of either instituting an action on the bond, or he may pursue the mode pointed out by the statute. Wickham v. Page, 49 Mo. 529; Brown v. Weatherby, 71 Mo. 152. Where there is an election between two inconsistent remedies, a person will be confined to the one which he first offers and adopts. Nanson v. Jacobs, 93 Mo. 445. The issues which might have been raised and litigated in any case are as completely barred by the final decree therein as if they had been directly adjudicated and included in the verdict. Donald v. Wright, 147 Mo. 646; Beesheers v. Banking Assn., 73 Mo. App. 298.

BLAND, P. J.—On October 27, 1893, defendant S. T. Canterbury was appointed administrator of the estate of Thomas Johnson, deceased, by the probate court of Howell county. The other defendants are sureties on his bond as administrator. For some reason, not stated, Canterbury ceased to be administrator of Johnson's estate and plaintiff, T. J. Langston, was appointed administrator *de bonis non,* and under the provisions of section 48, Revised Statutes 1899, commenced a summary proceeding against Canterbury, in the probate court of Howell county, to compel Canterbury to make his final settlement, to which the sureties on his bond were made parties and were duly notified. In due course the cause was appealed to the circuit court, where on a trial *de novo* the circuit court, by allowing Canterbury credits for the payment of two promissory notes given by Johnson in his lifetime, one for one thousand dollars and one for twelve hundred dollars, which were not and never were probated against Johnson's estate, found the estate indebted to Canterbury in the sum of twelve dollars. Langston appealed the cause to the Supreme Court. The Supreme Court held that Canterbury, as administrator, had no right to pay the notes out of the assets of the estate without they were first probated and was not entitled to credits therefor, and remanded the cause to the Howell Circuit Court, with directions to follow the law as declared in the opinion. [Langston v. Canterbury, 173 Mo. 122, 73 S. W. 151.] After the cause was remanded, to-wit, on January 7, 1904, the case was retried to the Howell Circuit Court and judgment rendered against Canterbury, as administrator of Johnson's estate, for the sum of $2,339 and fifty dollars costs, and the judgment was certified to the probate court of Howell county, where it was entered of record.

The answer of the sureties in the present action denied that they were parties to or bound by the judgment of January 7, 1904, of the circuit court, and alleged

that by the proceedings therein they had been released from the payment of said judgment or from any liability on the bond of Canterbury. For an equitable defense, the sureties set up the payment of the two unprobated notes by Canterbury as administrator, alleged that the estate was worth fifty thousand dollars over and above all the debts and that the payment of the two notes was made with the consent and on the advice of the adult heirs of the deceased and the legal distributees of his estate. On proof of this equitable defense being made, the learned trial judge offset the notes against the judgment sued on and rendered judgment for the defendants, from which plaintiff appealed.

Section 48, supra, under which the summary proceedings in the probate court were commenced, provides that the probate court "shall ascertain the amount of money . . . in the hands of such administrator or executor, or that came into his hands and remain unaccounted for at the time of his resignation or removal from office or revocation of his letters, and to enforce such order or judgment against such administrator or executor and his sureties, if they had due notice of the proceedings," etc. The judgment should have been rendered against Canterbury and his sureties. [Brown v. Weatherby, 71 Mo. 152.] It is stated in appellant's abstract, that it was admitted on the trial, that at the time the judgment was taken the cause was dismissed as to all the parties defendant except Canterbury. The respondents, in their statement of the cause, say: "They (the sureties) were not named in the judgment, neither was there any order of court dismissing them from the suit then pending;" that this fact was not denied at the trial, but was not incorporated in the bill of exceptions; and in support of these statements, respondents have filed, as an additional abstract, the certificate of the clerk of the Howell Circuit Court, in which the clerk states he has searched the records of his office and failed to

find any order of record dismissing said cause as to the sureties. This certificate is no part of the record and cannot be considered by us.

The judgment recites: "On this seventh day of January, 1904, this cause coming on to be heard and both plaintiff and defendants being present by their respective attorneys, announce ready for trial and the matters in issue are submitted to the court without a jury." It then proceeds to state the account between Canterbury and the estate, and finds Canterbury, as administrator, is indebted to the estate in the sum of $2,399, and concludes: "It is therefore considered and adjudged by the court that the plaintiff, as administrator *de bonis non,* recover of and from said Sam F. Canterbury, former administrator, the said sum of $2,399 and that this judgment be certified to the probate court of Howell county, Missouri, as the final and surrendering settlement herein." The judgment nowhere disposed of the case as to the sureties or took any notice whatever of them, but to recite their appearance, their announcement as ready for trial, and the submission of the cause to the court. The judgment against Canterbury purports to be a final one, upon which execution might issue. [Section 48, supra.] The present action is to recover on the same cause of action, to-wit, the amount of the notes paid by Canterbury without authority, for which the judgment of January 7, 1904, was recovered. Section 773, Revised Statutes 1899, provides:

"When there are several defendants in a suit, and some of them appear and plead and others make default, an interlocutory judgment by default may be entered against such as make default, and the cause may proceed against the others; but only one final judgment shall be given in the action."

This section has been held to be mandatory. [Henry v. Gibson, 55 Mo. 570; Holborn v. Naughton, 60 Mo. App. l. c. 103; Beshears v. Vandalia Banking Assn., 73

Mo. App. l. c. 299; Sater v. Hunt, 75 Mo. App. l. c. 472.] The judgment rendered against Canterbury alone was not a final judgment, for the reason it made no disposition of the case as to the other defendants, hence the cause is still pending as to the sureties (Pittsburg Plate Glass Co. v. Peper, 96 Mo. App. l. c. 597, 70 S. W. 910, and cases cited) and should be disposed of by setting aside the irregular judgment rendered against Canterbury and by trying the case again and rendering such a judgment as will dispose of the case as to all the defendants. If this is done there will be no occasion to prosecute the present action and it should be dismissed. However if the original action was in fact dismissed as to the sureties, the present action is properly brought against the sureties, and their liability to the administrator *de bonis non* has been conclusively settled by the decision of the supreme court supra. Whether or not they have an equitable remedy over against the distributees of Johnson's estate, we will not discuss or decide.

The judgment is reversed and the cause remanded. All concur.