# THOMAS H. WILHITE et al. v. MARGARET A. WIL-HITE, Appellant.

### Division Two, September 15, 1920.

1. **CONVEYANCE: To Husband and Wife: Share and Share Alike: Deed by Entireties.** In a deed to a husband and wife the words "share and share alike" if inserted in the operative parts of the deed (in the granting clause or the hebendum) will create a tenancy in common; but if the words appear in the premises as a recital merely, and may refer to the consideration paid and not the estate acquired, they are ineffectual to create a tenancy in common. So that where the deed read that "this indenture by and between Westly Wright, party of the first part, and William Wilhite and Margaret A. Wilhite, share and share alike, parties of the second part, witnesseth that the said party of the first part, in consideration of the sum of sixteen hundred dollars, to me paid by the said parties, does, by these presents, grant, bargain and sell, convey and confirm, unto said parties of the second part, their heirs and assigns," etc., the *habendum* being "unto said parties of the second part and unto their heirs and assigns forever," the words "share and share alike," not being in the operative part of the deed which vests and confirms the title, did not make the grantees co-tenants, but created an estate by the entireties.

2. ———: ———: ———: ———: **Reformation.** Conceding for the purpose of this case that where an instrument is drawn in language the legal effect of which the parties misunderstood and which expresses what the parties did not intend to express a court of equity will reform it so as to make it conform to their intention, it is nevertheless ruled that a deed cannot be reformed on the ground of mistake unless the mistake was mutual and it was written in terms which violate the understanding of both parties. The mistake must occur in reducing to writing the contract upon which the parties had agreed, and if there was no agreement that the husband and wife were to own the land as cotenants, a deed which in its operative part conveyed it to them as tenants by the entireties cannot be reformed into a deed creating a cotenancy. And in this case, where the husband and wife each contributed $800 of the purchase price of land, and there was no agreement or understanding between them as to what interest each should own, the evidence is entirely insufficient to authorize a reformation of the deed.

3. ————: **Deed by Entireties: Resulting Trust in Favor of Heirs.** No resulting trust arises in favor of the children of the husband from the fact that he paid one-half of the consideration for the deed vesting the title in him and his wife as tenants by the entireties. The presumption is that where the husband paid for the land and had it conveyed to his wife it was a gift to her; and while in some instances the wife may have a resulting trust declared in her favor in proportion to the amount paid by her, such a remedy is not available to the husband.

Appeal from Callaway Circuit Court.—*Hon. David H. Harris,* Judge.

REVERSED.

*Don C. Carter* for appellant.

(1) The testimony in this case was not sufficient to authorize a court of equity to reform the deed. Dougherty v. Dougherty, 204 Mo. 228; Robinson v. Korns, 250 Mo. 675; Parker v. Vanhoozer, 142 Mo. 621; Benn v. Prichett, 163 Mo. 571; Siling v. Hendrickson, 193 Mo. 365; Brocking v. Straat, 17 Mo. App. 296; Crouch v. Thompson, 254 Mo. 487; Whittaker v. Lewis, 264 Mo. 215; Stephens v. Stephens, 183 S. W. 572; Frederick v. Henderson, 94 Mo. 98; Fanning v. Doan, 139 Mo. 392; Wolz v. Venard, 253 Mo. 82; Pomeroy's Equity Jurisprudence (3 Ed.), secs. 879, 1376; Bisham's Prin. of Equity, sec. 469; 34 Cyc. 906-991; 23 R. C. L. secs. 20, 49, 65, 67. (2) The judgment and decree is for the wrong party. Under all the evidence in the case, and under the law, the judgment and decree should have been for defendant.

*L. T. Searcy* and *Ralph T. Finley* for respondents.

(1) The second point of assignment of error made by appellant to the effect that the decree was "for the wrong party" and "should have been for the defendant" presents nothing for review. Greensfelder v. Hardware Co., 189 Mo. App. 583; Koch v. Shepherd,

193 S. W. 603.    Parties cannot submit a case on appeal without an assignment of error.   A defense not assigned as error cannot be considered.  Snyder v. Hopkins, 30 Mo. 418;  Flanning v. Railway Co., 97 Mo. 195;  Sanford v. Railway Co., 40 Mo. App. 15.   (2)  Since the court upon proper pleading and proof vested title in plaintiffs on the theory of resulting trust, against which action no error is assigned, the judgment must be affirmed even though the deed was erroneously reformed.   If there be error in that part of the judgment decreeing reformation it is harmless.   Majors v. Cryts, 240 Mo. 391; King v. King, 182 S. W. (Mo. App.) 1048;  Parkyne v. Churchill, 246 Mo. 115;  Reynolds v. Reynolds, 234 Mo. 152. (3) The decree of the trial court properly vested the title in the parties, giving plaintiffs one-half, subject to the dower interest of the defendant.   (a)  When William Wilhite and Margaret A. Wilhite each paid for one-half of the land in question, there was a resulting trust in each to the extent of their respective payments.   Jones v. Elkins, 143 Mo. 651;  McLeod v. Venable, 163 Mo. 545;  Johnston v. Johnston, 173 Mo. 117;  Frost v. Frost, 200 Mo. 474.   (b)  There being no dispute about the facts authorizing a finding that there was a resulting trust, and since there is no evidence, nor charge against the husband, William Wilhite, that he wrongfully intended to create an estate by the entirety, his heirs are entitled to a decree on the theory of such resulting trust. Moss v. Ardrey, 260 Mo. 595;  Donnovan v. Griffith, 215 Mo. 166.   (4)   The evidence was sufficient to authorize a reformation of the deed.   (a)   The deed itself, containing the ambiguous clause, "share and share alike," is evidence, not resting on parol, which should be taken into consideration in determining the intention of the parties.   Williamson v. Brown, 195 Mo. 329;  Tennison v. Walker, 190 S. W. 12.   (b)  The fact that each grantee paid one-half of the purchase price should be considered in determining what character of deed they should or might desire to make.   Under the law one

paying for land is entitled to a conveyance, and there is no evidence, other than an ambiguous deed that an estate by the entirety was intended. (c) The evidence shows no intention on the part of either Mrs. Wilhite or her husband to create an estate by the entirety, and no such intention should be assumed or inferred. Johnston v. Johnston, 173 Mo. 119. (d) The scrivener, C. H. Early, was clearly the agent of both grantor and grantees in the deed in question, and his mistake was the mistake of both. Brown v. Tuschoff, 235 Mo. 459; Brocking v. Straat, 17 Mo. App. 305; 24 Cyc. 910, 911; Whittaker v. Lewis, 264 Mo. 215; Williamson v. Brown, 195 Mo. 329. (e) The husband of defendant was her agent in the purchase of this land, She cannot take the benefit of his acts, and also repudiate his agency. R. S. 1909, sec. 8304; Kirkpatrick v. Pease, 202 Mo. 490; Rice, Stix D. G. Co. v. Sally, 176 Mo. 124; Shinn v. Mule Co., 109 Mo. App. 557; Porter v. Woods, 138 Mo. 539.

WHITE, C.—This suit is brought to determine title to forty acres of land in Callaway County. The defendant, Margaret A. Wilhite, is the widow, and the plaintiffs are the heirs at law, of William Wilhite, deceased.

In December, 1903, William Wilhite and Margaret A. Wilhite purchased and had conveyed to them by Wesley Wright the forty acres of land in dispute.

William Wilhite and his wife had no children since their marriage, but each had children by a former marriage, none of whom lived with them. They moved on to the land at the time of the purchase, and lived there until the death of William Wilhite, which occurred in September, 1910. Margaret Wilhite continued in possession of the land until the filing of this suit in March, 1918. In the purchase of the land William Wilhite and Margaret A. Wilhite each paid $800 to Wesley Wright, as consideration, and the deed recites the consideration of $1600 as paid by both. The introductory recitals and the granting clause in the deed are as follows:

"THIS INDENTURE, Made on the...3d... day of December....A. D. One Thousand Nine Hundred.... & Three....by and between............Wesley Wright .........unmarried....↖......County of:.....Calloway ....State of........Missouri............part....y... of the First Part, and............William Wilhite and Margarett A. Wilhite, ................:...... share & share alike..........of the County of......Boone......, in the State of....Missouri...., part....ies.... of the Second Part:

"*Witnesseth,* That the said part..y.. of the First Part, in consideration of the sum of............Sixteen hundred.....x.....x.....x.....x.....x.....Dollars, to...me.....paid by the said part...ies... of the Second Part, the receipt of which is hereby acknowledged, to....by these presents, Grant, Bargain and Sell, Convey and Confirm, unto the said part...ies... of the Second Part...ies... their.. ..heirs and assigns, the following described Lots, Tracts or Parcels of Land, lying, being and situate'in the County of Calloway and State of Missouri, to wit:"

Then follows a description of the property. The *habendum* is "unto said parties of the second part and unto their heirs and assigns forever" and the usual covenants "unto the said parties of the second part and unto their heirs and assigns forever."

The amended petition upon which the cause was tried sets out in the usual form a cause of action to determine title under Section 2535; it then alleges the relationship of the parties, describes the deed by which the property was acquired, and alleges that it was the intention of the parties by the said deed to vest the title in William Wilhite and his wife as tenants in common, and not as joint tenants. The petition then prays the court to determine the title, asserting that said deed by the use of the words "share and share alike" in the recital creates a tenancy in common and asks the court to determine the title of the parties; but in alternative

prays if the court should find the deed in form vests an estate other than a tenancy in common in William Wilhite and Margaret A. Wilhite, that the same be reformed so as to conform to the intention of the parties.

The answer admits the allegations as to the relationship of the parties, alleges the payment by each of grantees of $800 of the consideration money, asserts title in the defendant as the survivor of her husband in that the deed vested the title in them by the entireties, and prays the court to ascertain and determine the title.

The court, after hearing the evidence, found the facts as to the relationship of the parties and the payment of the purchase money as above set out, and held that the deed on its face purported to convey an estate by the entireties, but that such was contrary to the intention of the parties, which was to create a tenancy in common, ordered the deed reformed by inserting in the *habendum* the words "as tenants in common and not as tenants by the entirety," and adjudged that the plaintiffs were entitled to an undivided half interest in fee simple in the premises, subject to the dower and homestead interest of the defendant in the same. The defendant from that judgment appealed to this court.

I. There is no doubt but that the use of the words "share and share alike" if inserted in the operative parts of the deed, in the granting clause or in the *habendum*, would have created a tenancy in common. The words are inconsistent, when properly used, with the existence of a joint tenancy or a tenancy by the entirety. [2 Jarman on Wills, p. 1791; Freeman on Co-Tenancy, sections 23 and 25; Kellogg v. Burnett, 74 N. J. Eq. 304, 1. c. 308; Jenne v. Jenne, 271 Ill. 534; Adams v. Woolman, 50 N. J. Eq. 1. c. 521; Shattuck v. Wall, 174 Mass. 167, 1. c. 169.]

Share and Share Alike.

But it will be noticed the words "share and share alike" appear in the premises of the deed as a recital merely. They may have referred to the consideration

paid and not to the estate acquired. Recent cases have come before this court in which similar expressions in the premises or introductory part of a deed were held to be ineffectual to create a tenancy in common. [Ashbaugh v. Ashbaugh, 273 Mo. 353, l. c. 358, 359-60; Wilson v. Frost, 186 Mo. 310, l. c. 321.] The operative part of the deed which vests title and confirms it in the grantee are in a form which would create a tenancy by the entireties.

It is a rule that operative words are necessary to vest an estate and that the intention must be ascertained from the language actually used and not what the grantor may have meant to say. It is also held that the intention of the grantor as gathered from the four corners of the instrument must control unless it conflicts with the settled rule of law. [Ashbaugh v. Ashbaugh, 273 Mo. l. c. 360.]

The trial court, therefore, was right in holding the deed on its face vested an estate by entireties in William Wilhite and Margaret A. Wilhite. The effect of such an estate is fully explained in a recent case by this court, Brewing Co. v. Saxy, 273 Mo. 159, where the authorities are reviewed at length.

II. It is unnecessary to inquire to what extent a mutual mistake of law would warrant reformation of an instrument. It may be conceded for the purpose of this discussion that where an instrument is **Reformation.** drawn in language the legal effect of which the parties misunderstand and which expresses what the parties did not intend to express, a court of equity will reform the contract so as to conform to the intention of the parties. [Williamson v. Brown, 195 Mo. l. c. 331; Corrigan v. Tiernay, 100 Mo. l. c. 280-281; McKim v. Met. St. Ry. Co., 196 Mo. App. l. c. 547-8.]

However, before a court of equity will entertain a bill to reform a contract on the ground of mistake the mistake must be mutual. That is, the contract must be written in terms which violate the understanding of

*both* parties. [Meek v. Hurst, 223 Mo. 688, l. c. 696; Benn v. Pritchett, 163 Mo. l. c. 571-572; Wolz v. Venard, 253 Mo. l. c. 82.] The mistake must occur in reducing to writing the contract upon which the parties *had agreed;* the prior agreement upon the terms of the contract is presupposed. [Parker v. Vanhoozer, 142 Mo. l. c. 629; Robinson v. Korns, 250 Mo. l. c. 675; Dougherty v. Dougherty, 204 Mo. l. c. 237.] Proof of the prior agreement, which was erroneously written by mistake, must be clear and convincing. [Wall v. Mays, 210 S. W. 871, l. c. 872; Crouch v. Thompson, 254 Mo. l. c. 487; Horine v. Royal Ins. Co., 201 S. W. l. c. 959.]

An examination of the evidence offered in this case shows it is entirely insufficient to meet the requirements suggested. The only witnesses who testified in relation to the deed under consideration were Mrs. Wilhite, the defendant, Mr. Wesley Wright, the grantor, and C. H. Early, the scrivener who wrote the deed and took the acknowledgment. Mrs. Wilhite testified that she and her husband each contributed $800 to the purchase price of the land; that she was sick at the time the conveyance was made and was not present; that she had no understanding whatever with Mr. Wilhite as to the form in which the deed should be written or the manner in which the title should be vested. They simply agreed to buy the place and she gave her husband her share of the money and he went to Fulton and brought home the deed. She never talked with Mr. Wright about it nor with Mr. Early.

Early testified that he did not recall any specific directions other than what was shown in the deed. He did not recall why the words "share and share alike" were put in after the names of the grantees; he could not say whether Mr. Wilhite said anything to him at all about the effect of the instrument or what effect he wanted it to have. The opinion of the witness was that use of the words "share and share alike"" as he wrote them in the deed would make the grantees "partners in

the purchase of this land." He supposed he was repre-
senting Mr. Wright, the grantor, in writing the deed,
because Mr. Wright asked him to write it. He didn't
remember whether Mr. Wilhite and Mr. Wright had any
agreement between themselves as to the effect of the
kind of an instrument it was desired to make. He didn't
recall whether Mr. Wilhite told him at any time prior
to the making of the deed that he had an agreement as
to the kind of deed that should be made. He could not
tell whether the words "share and share alike" were
inserted as they were at the instance of Mr. Wilhite or
at his own instance. He got his impression of what
occurred and what directions were given him "from the
reading of this deed." He thought the use of the words
would create a tenancy in common. He could not say
that Mr. Wilhite used the words, but he judged that it
was Wilhite's intention to use such words "that caused
me to put those words in there." Mr. Wright gave him
no directions at all as to what to put in the deed.

Wesley Wright testified that he supposed Wilhite
told Early how he wanted the deed written, but he did
not recall that Mr. Wilhite gave Early any instructions
as to how the deed should be written. He never heard
any conversation between Mr. and Mrs. Wilhite as to
how the deed should be made.

This evidence fails in several particulars. It fails
to show that there was any agreement between Wilhite
and Wright or between Wilhite and his wife as to what
kind of a deed they desired to have, or as to how they
desired the title to be vested. There isn't a shadow of
evidence of any understanding between the parties in
that respect. There is only a bare suggestion that Wil-
hite himself desired the deed to express something
different from its legal effect as written, but just what
that intention was is not proven by anything that he is
shown to have said to the scrivener. The scrivener testi-
fied that the use of the words "share and share alike"
as he used them in the deed, he thought, would create a

Wilhite v. Wilhite.

tenancy in common, but he does not say that Mr. Wilhite thought so, or that Mr. Wilhite said anything to indicate he understood such would be the effect of the words. He is not certain that Wilhite used those words or any words similar in import. He only gathers from the instrument itself, not from any independent recollection, that he wrote it as he was directed to write it.

The witness said at one point in his cross-examination; "I knew only what this deed indicates to me." So the alleged erroneously written contract was not proven. No mistake, mutual or otherwise, was proven with that clearness necessary to authorize a reformation. The evidence was entirely insufficient to warrant the finding and judgment of the trial court.

III. It is claimed by the respondent that a trust results in a half interest in favor of the heirs of Thomas Wilhite, because he paid one half the purchase money. The trust which results from the payment of Resulting Trust. purchase money does not arise where a husband purchases and has the land conveyed to his wife. Prima-facie the presumption is that it was a gift to his wife. [Viers v. Viers, 175 Mo. l. c. 453; Curd v. Brown, 148 Mo. l. c. 92.] In such case, in some instances, the wife may invoke the aid of a court of equity and have a resulting trust declared in her favor in proportion to the amount paid by her, but such a remedy would not be open to the husband. [Moss v. Ardrey, 260 Mo. 595, l. c. 611 and 612; Bender v. Benler, No. 21115, not yet reported.]

The judgment is reversed. *Railey* and *Mozley, CC.,* concur.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.