J. H. CONRATH, DEFENDANT IN ERROR, v. JAMES A. HOUCHIN ET AL., DEFENDANTS, AND MYRENE HOUCHIN HOBBS, PLAINTIFF IN ERROR. —34 S. W. (2d) 190.

Kansas City Court of Appeals. December 1, 1930.

*D. W. Peters* for plaintiff in error.

*Irwin & Bushman* for defendant in error.

ARNOLD, J.—This is an action on a promissory note, with an agreement as to deposit of collateral attached.

The petition is in two counts, the first of which asks reformation of the instrument sued on so as to conform to the true intent of the parties; and the second count is a suit on the note proper as reformed. The first count was tried as a suit in equity, on June 30, 1927. After hearing the evidence the court took the case under advisement, and on October 15, 1927, rendered its judgment reforming the note. Defendant James A. Houchin was adjudged to be in default and judgment was rendered against him on both counts. The court also found against defendant Myrene H. Hobbs on the first count of the petition, and motion for a new trial in her behalf was filed October 20, 1927. On December 2, 1927, the cause was tried on the second count against Myrene H. Hobbs, which resulted in a directed verdict for plaintiff in the principal sum of $3908 and $579.39 interest. A timely motion for a new trial was overruled on December 19, 1927, and on the 27th day of that month, in vacation, Myrene H. Hobbs filed her application and affidavit for appeal, together with a bond in the sum of $5,000, approved by the clerk.

The record fails to show that the trial court ever entered an order allowing an appeal and so no appeal was perfected. On November 22, 1928, on motion of plaintiff and without formal notice to either defendant, the court made its order *nunc pro tunc* amending the judgment of June 30, 1927, against defendant Houchin, the said order being final on both counts of the petition. On December 2, 1928, at the October term of the court, the court amended *nunc pro tunc* the judgment on the first count entered against defendant Myrene H. Hobbs, on October 15, 1927.

On November 26, 1928, on application of Myrene H. Hobbs, a writ of error was issued out of this court in her behalf, and the cause is before us for consideration on said writ. But before proceeding with the cause on its merits, a point raised by plaintiff first must be determined. It is urged by plaintiff that the abstract of the record presented by defendant fails to show the granting of any writ of error, service of notice thereof upon plaintiff, or the dismissal or continuance of the appeal; that there is nothing to show the cause is properly in this court.

We find plaintiff's position in this respect correct; but, turning to the short form transcript, we find the affidavit and bond for appeal were filed, but that is as far as the matter went. There is no order allowing the appeal. Such an order was a necessary step in the

perfection of the appeal. [Ray v. Ray, 49 Mo. 301; Allen v. Britton, 141 Mo. 173; Peacock Productions, Inc., v. Paine, 289 S. W. (Mo. App.) 341.] It is said in the case last cited:

"Where the appellant fails to show a proper order allowing appeal, the appellant court obtains no jurisdiction and the appeal should be dismissed."

The transcript shows, as above stated, the writ of error was issued out of this court on November 26, 1928, returnable March 1, 1929. Attached to the face of the transcript is a notice receipted by plaintiff's counsel on February 7, 1929, thus complying with the provisions of section 1502, Revised Statutes 1919, which requires notice in writing of the suing out of the writ of error, to be served upon plaintiff, or his attorney twenty days before the return day of the writ. Rule 7 of this court provides:

"All notices of writs of error, with the acceptance, waiver or return of service indorsed thereon, shall be filed with the clerk of this court, and by him attached to the transcript in the cause, and shall be the only evidence that such notice has been given."

The transcript shows compliance both with the statute and our rule 7. The cause is therefore properly before us on the writ of error.

It is urged the court sitting as a chancellor erred in holding plaintiff entitled to a reformation of the instrument sued on as against defendant Myrene H. Hobbs. As grounds for this position it is argued (a) that before there can be a reformation there must be an understanding between the parties and an intention must be shown; (b) that reformation of an instrument for mutual mistake will be denied unless the proof of a mutual mistake is clear, cogent and convincing; (c) that a mutual mistake means a mistake by the party or parties on the one side, shared in by the other side and there is no mutual mistake otherwise; (d) the agreement, if any, made by defendant Hobbs was an agreement to execute a promissory note to be given in payment of the debt of another, and was within the Statute of Frauds and must have been in writing; (e) a party will not be given relief against a mistake induced by his own negligence.

Plaintiff in error furnishes numerous citations in support of these propositions of law, propositions which we consider elementary and correct and it is deemed unnecessary to discuss the authorities supporting them. We shall proceed to determine whether the requirements are properly met. The question of the reformation of the instrument sued on, as stated above, was tried as an equity case by the parties, so considered by the trial court and will be so treated by us. In equity cases this court is authorized on appeal or writ of error to review the evidence *de novo* and render an opinion therein which was, or should have been, rendered by the chancellor. These suggestions, being in support of the first assignment of error, may be

properly considered together, and it will be necessary to review the evidence presented, reference to which will be made later herein.

The first count of the petition alleges that on or about June 14, 1924, defendants agreed to execute and deliver to plaintiff a promissory note in the sum of $3908, due three years after date with interest at six per cent payable annually, in consideration that plaintiff relieve W. H. Smith and C. B. Mitchell from liability on a certain promissory note executed by them to plaintiff, upon which a like amount was due, and surrender the note to them. It was further agreed by defendants and each of them that they would pledge as collateral security fifty-two shares of stock in the Farmers & Mechanics Bank of Jefferson City, Missouri, and vested the holder of said note with authority to sell the same upon default of payment of the note at maturity; that, in preparing said note and assignment of said shares of stock, a printed form, containing on one sheet both the promissory note and the collateral agreement, was used; that by mutual mistake and oversight of the parties thereto, defendants failed to sign the promissory note which they had agreed to execute and only attached their signatures to the collateral agreement. The said note and agreement are set out *verbatim* in the petition by exhibit. The note shown by the exhibit is the usual form of promissory note with blank space for the signatures of the makers, payable to John H. Conrath. Attached thereto and as part of the same sheet of paper is the agreement as to the collateral, and this begins as follows:

"Having executed our note as above and being desirous of securing the payment of the same, we hereby pledge as collateral security fifty-two shares of stock in the Farmers & Mechanics Bank of Jefferson City, Missouri."

On the back of said instrument appears the following:

"Received interest $234.48, July 10, 1925."

The prayer is for a reformation of said note so that the same will conform to the true intention of the parties and for such other relief as to the court may seem proper.

The second count is on the note proper, alleging default in the second annual interest payment, due June 14, 1926; that the annual interest due June 14, 1925, was paid; that at the time said note was executed, defendants assigned fifty-two shares of stock in the Farmers & Mechanics Bank of Jefferson City, to secure the payment thereof; but that at the time said note became due, the Farmers & Mechanics Bank had failed, and said shares of stock were worthless. Judgment is asked against both defendants in the sum of $3908 and interest from June 14, 1925. The petition was filed May 6, 1927.

Defendant Houchin made no defense. Defendant Myrene H. Hobbs, on May 23, 1927, filed a separate answer consisting of a general denial,

coupled with an affirmative defense to the second count of the petition, stating she did not sign and deliver to plaintiff the note described in the petition; and on June 29, 1927, said defendant filed her answer to the first count, as amended by interlineation, denying she had agreed to execute a note of any kind to plaintiff or that she intended to execute any such note; denying that she contracted for the relief from liability of William H. Smith and C. B. Mitchell, or either of them, upon any promissory note, and denying that such note was surrendered to her; denies she agreed to sign any note as surety for any contract or obligation for Houchin, and further states that any such agreement, if made, would have to be in writing to bind her, and pleads section 2169, Revised Statutes 1919, in bar.

The trial on the first count in equity occurred on June 30, 1927, and on the same day judgment was entered. Defendant James A. Houchin made no defense and was adjudged in default. The judgment shows the court found plaintiff's suit is based upon a promissory note executed by defendants; that plaintiff is the legal owner and holder thereof; that defendant Houchin is indebted to plaintiff upon the first count of the petition in the sum of $4387.38, upon the note sued upon and attached to said petition, and "it is considered and adjudged by the court that the plaintiff have and recover of and from the defendant James A. Houchin, the said sum of $4,-387.38, together with the costs of this suit, and that execution issue against the defendant, James A. Houchin, therefor."

Thereafter, on October 15, 1927, there was entered a further judgment of the court reforming the note sued on "so that the same will conform to the true intention of the parties;" and on October 19, 1927, defendant Myrene H. Hobbs filed her motion for a new trial. On December 2, 1927, the cause was tried on the second count against defendant Hobbs, and on the same day, pursuant to a peremptory instruction, the jury returned a verdict thereon for $3908, principal, and $578.39 interest, against said defendant.

A timely motion for a new trial was filed, and the same was overruled December 15, 1927. On November 22, 1928, at the October (1928) term, plaintiff filed his motion for a *nunc pro tunc* entry to correct the judgment theretofore entered against James A. Houchin upon both counts of the petition, alleging the former judgment entry by the clerk of the court was erroneous and insufficient as to form and failed to record properly the finding and judgment of the court as to defendant Houchin; that the judgment which the court actually rendered was as set out in the motion. And on the same date, to-wit, November 22, 1928, a similar motion was filed for a *nunc pro tunc* entry to correct the judgment theretofore entered as to defendant Myrene H. Hobbs, and to direct the clerk to enter a judgment to conform to the true intention of the parties.

The motions for *nunc pro tunc* entries to correct the judgment entered by the clerk were sustained, and the corrected judgment as to James A. Houchin is as follows:

"Now at this day this cause comes on for hearing and comes the plaintiff in his own proper person and by his attorney, D. W. Peters; comes also the defendant, Myrene Houchin Hobbs, by her attorneys, Irwin & Bushman, but the defendant, James A. Houchin, although duly served with summons, as required by law, comes not, neither has he answered, pleaded to or in any wise defendant against plaintiff's petition, and is therefore adjudged default.

"Wherefore, the court proceeds to hear the cause and doth find as to the defendant, James A. Houchin, upon the first count of plaintiff's petition, that said defendant, James A. Houchin agreed with plaintiff on or about the 14th day of June, 1924, to execute and deliver to plaintiff a promissory note in the sum of three thousand nine hundred eight ($3,908) dollars, payable three years after date, with six per cent interest to be paid annually, in consideration that plaintiff relieve Wm. H. Smith and C. B. Mitchell of liability on a certain note executed by them to him (plaintiff) upon which a like amount was due, and surrender said note to them, which was done, and that it was further agreed that fifty-two shares of stock in the Farmers & Mechanics Bank of Jefferson City, Missouri, be pledged as security for the payment of said note, and that by mutual mistake and oversight of the parties thereto the said defendant, James A. Houchin, inadvertently omitted and failed to sign said promissory note, but did sign the collateral agreement attached thereto, wherefore, the court doth order, adjudge and decree that said instrument be reformed as to the said defendant James A. Houchin and the same be as effective as if the said note contained the signature of the said James A. Houchin.

Thereafter, and on the same day, the court proceeded to hear said cause upon the second court of plaintiff's petition as to the defendant, James A. Houchin, and upon the proof offered upon the part of plaintiff, doth find that the defendant, James A. Houchin, is indebted to the plaintiff in the sum of three thousand nine hundred eight ($3,908) dollars, together with interest thereon in the sum of four hundred seventy-nine dollars thirty-eight cents ($479.38), together with the costs of this suit in the sum of $————, and that execution issue against the defendant, James A. Houchin therefor."

And as to defendant Myrene H. Hobbs, the corrected judgment entry reads as follows:

"Now at this day this cause comes on to be heard upon the first count of plaintiff's petition as to defendant Myrene Houchin Hobbs, and comes the plaintiff in his own proper person and by his attorney,

D. W. Peters; comes also the defendant Myrene Houchin Hobbs in her own proper person and by her attorneys Irwin & Bushman; and both announce ready for trial, and the court proceeds to see and hear the evidence adduced herein and also the argument of counsel, and after having seen, heard and considered the evidence so offered, the court doth find that the defendant Myrene Houchin Hobbs, on or about the 14th day of June, 1924, agreed with plaintiff to execute and deliver to him a promissory note to be signed by her father, James A. Houchin, and herself, in the sum of three thousand nine hundred eight ($3908) dollars, payable three years after date, with interest thereon at six per cent per annum from date, payable annually, in consideration that plaintiff release Wm. H. Smith and C. B. Mitchell of liability on a certain promissory note executed by them to him upon which a like amount was due, and the surrender of said note to them, which was done, and that it was further agreed by the defendant James A. Houchin and Myrene Houchin Hobbs that they would pledge as collateral, to secure the payment of said promissory note, fifty-two shares of stock of the Farmers & Mechanics Bank of Jefferson City, Missouri, and that in the preparation of said promissory note and the assignment of the said shares of stock, a printed form was used containing both the promissory note and the collateral agreement, and that by mutual mistake and oversight of the parties thereto, both of the defendants, James A. Houchin and Myrene Houchin Hobbs, failed to sign said promissory note, but did sign the collateral agreement thereto attached.

"Wherefore, the court doth order, adjudge and decree that said promissory note be reformed and have all the force and effect that it would or could have, had the signatures of both defendants, James A. Houchin and Myrene Houchin Hobbs, been attached thereto, and that the plaintiff have judgment for his costs in this behalf in the sum of $————, and that execution issue therefor."

Plaintiff introduced in evidence the note and collateral agreement. Plaintiff testified it was agreed between him and defendant Houchin that plaintiff would release Wm. M. Smith and C. B. Mitchell from liability on a certain promissory note in the sum of $3908, and deliver same to the makers if defendants would execute to him a note for a like amount and pledge fifty-two shares of stock in the Farmers & Mechanics Bank to secure its payment; that the note was prepared and the certificate of stock made out in the name of "James A. Houchin, Trustee," and attached to the note; that the documents were carried back to a desk in the banking room both defendants were and that plaintiff discussed the matter with Houchin in the presence of Houchin's daughter, Myrene H. Hobbs; that the signatures were then and there affixed; that defendant omitted to sign the note other than at the bottom of the collateral agreement. The note and

collateral agreement which plaintiff identified, showed that the interest due in 1925, in the amount of $234.48 was endorsed on the back of the instrument. Plaintiff testified that the agreement was with James A. Houchin with respect to the note and collateral; that Houchin agreed to furnish him a note in the amount stated, with the collateral, signed by himself and Myrene H. Hobbs. On cross-examination, witness stated he had no agreement with Myrene H. Hobbs herself; that his dealings concerning the transaction were with defendant Houchin; that there was some conversation at the time defendants signed the instrument but he could not definitely recall what the conversation was; that nothing was said by either defendant after they signed the instrument; that he recalled nothing else that occurred at that time except that he expressed satisfaction when the instrument was signed.

· Defendant Myrene H. Hobbs testified she was not asked by plaintiff to sign any promissory note and did not intend to sign any; that her father stated to her he was making a deal for the stock; that since the stock was going into the Houchin Realty Company in which she and her father were both interested, it would be necessary for her to sign the collateral agreement; that she understood and believed she was signing the collateral agreement only, and that she was not signing any promissory note and did not intend to do so. She further testified she did not sign the instrument in the bank but at her home, at the request of her father who brought it to her there.

Defendant Houchin testified he had agreed with plaintiff to assume the obligation to plaintiff of Smith and Mitchell and received the certificate of stock in the Farmers & Mechanics Bank, but denied he had agreed with plaintiff to furnish him a promissory note with Myrene H. Hobbs as a maker thereof; that he procured her signature to the collateral agreement because the certificate of stock was made out to James A. Houchin, Trustee; that he could not hold it in his own name because the transaction was with the Houchin Realty Company; that the note was to have been signed by the Realty Company of which Myrene H. Hobbs was an officer.

This was all the evidence introduced, except that of Guy M. Sone who testified he was the deputy circuit clerk of Cole County, Missouri; that a judgment was rendered in the cause; that the final judgment against James A. Houchin was rendered June 30, 1927, for $4387.38; that it was admitted execution had issued thereon.

We revert now to defendant Hobbs' assignment of error to the effect the chancellor erred in holding plaintiff entitled to reformation of the instrument sued on as against her. In equity cases this court is not bound by the findings of the chancellor, but such findings are entitled to much weight because of the fact the chancellor has the benefit of seeing and hearing witnesses and determining their credi-

bility. The testimony of plaintiff is contradictory of that of defendants as to the true intent and meaning of the parties in the transaction. Therefore we must go to the instrument itself for light in this respect. The evidence shows the instrument consists, first, of a formal promissory note, beginning as follows:

"$3908.00

"Jefferson City, Mo.,
"June 14, 1924.

"Three years after date we promise to pay to the order of John H. Conrath of Jefferson City, Mo., three thousand nine hundred and eight dollars. For value received," etc.

And upon the same sheet of paper appears the agreement as to the collateral, as follows:

"Having executed our note as above and being desirous of securing the payment of the same we hereby pledge, as collateral security fifty-two shares of stock in the Farmers and Mechanics Bank of Jefferson City, Missouri.

"Now, in default of the payment of said note at maturity, the holder thereof is hereby invested with full authority to use, transfer, hypothecate, sell or convey the said collaterals, or any collaterals substituted for or added to the above, or any part thereof, or to cause the same to be done at public or private sale at the option of the holder of said note, with or without notice or demand of any sort, at such place and on such terms as the said holder thereof may deem best, and the holder of said note is authorized to purchase said collaterals when sold, for his or its own protection; and the proceeds of such sale, transfer or hypothecation shall be applied to the payment of this note, together with all protects, damages, interests, costs and charges due upon the note or incurred by reason of its nonpayment when due, and in the execution of this power. The surplus, if any, after payment of the note, together with all charges above stated, shall be paid to the drawer thereof; and if the proceeds of the above sale shall not be sufficient to pay said note, together with all charges as above stated, we agree to make good and pay any deficit or balance on demand.

"JAS. HOUCHIN,
"MYRENE H. HOBBS."

The note proper was not signed, but the collateral agreement was, and it will be observed reference is made to the note in the first sentence of the agreement and sale of the collateral is provided for in case of default, the proceeds to be applied to payment of the note and charges, the surplus, if any, to be paid to the drawer thereof. Upon the part of plaintiff the cause was tried upon the theory that the failure of defendants to sign the note proper was an oversight, or mutual mistake of the parties. Considering the terms of

the instrument sued on, together with the testimony presented, we hold plaintiff's position correct in this respect, and that there was an understanding between the parties and an intention shown that defendants were to sign the note. [Dougherty v. Dougherty, 204 Mo. 228, 102 S. W. 1099; Wilhite v. Wilhite, 284 Mo. 387, 395, 224 S. W. 448.] We think the proof of a mutual mistake is sufficiently clear, cogent and convincing to meet the requirements of the law as declared in the Wilhite case; Hood v. Owens, 293 S. W. (Mo.) 774, 778; Peters v. Schnachner, 280 S. W. 424, 429. Under the evidence presented we hold there was a mutual mistake.

It is urged also that defendant Hobbs' agreement, if any, was to make a promissory note to be given in payment of the debt of another and was within the Statute of Frauds because not in writing. We hold this point is not tenable because the agreement was not to pay the debt of another, but to execute a note. The agreement signed is sufficient refutation of this position. It is further insisted a party will not be given relief against a mistake induced by his own negligence. This statement of the law is correct but it does not apply here, since we find the negligence, if any, was mutual.

It is also urged that plaintiff, having accepted a final judgment against James A. Houchin, was entitled to no other judgment; that under the provisions of section 1528, Revised Statutes 1919, there can be but one final judgment. This section provides:

"When there are several defendants in a suit, and some of them appear and plead and others make default, an interlocutory judgment by default may be entered against such as make default, and the cause may proceed against the others; but one final judgment shall be given in the action."

It is the law that the final judgment must make some disposition of all the parties to the cause. [State ex rel. v. Canterbury, 124 Mo. App. 241, 101 S. W. 678; Blackmer, etc., Co. v. Ry., 137 Mo. App. 479, 119 S. W. 1.] It has also been held a final judgment against part of the defendants cannot be treated as a final judgment so as to entitle a party aggrieved to a review thereof on appeal or writ of error. [Pittsburg, etc., Co. v. Peper, 96 Mo. App. 595; Baker v. St. Louis, 189 Mo. 375, 88 S. W. 74.] We rule this point against the appealing defendant.

It is further urged the judgment for reformation against defendant Hobbs was without authority because prior thereto plaintiff had taken and adopted a final judgment against defendant Houchin. In this connection it is urged notice is necessary to an amendment *nunc pro tunc* at a subsequent term. In Publishing Co. v. Allen et al., 134 Mo. App. 229, 113 S. W. 1159, it was held in effect that the court by an order *nunc pro tunc,* at a term subsequent to the rendition of a judgment may correct the entry of judgment where

the original entry does not express the judgment actually rendered, but such an amendment can be made only on information furnished by the record or files in the case. The same authority also holds that an entry *nunc pro tunc* cannot be made except on notice to the opposite party, unless the error in entering the incomplete judgment, or in entering a judgment different from the one the court rendered is apparent from a bare inspection of the record; thus naming an exception to the general rule. It was held in Emery v. Whitwell, 6 Mich. 491, that notice is not required when, on proper construction, it is evident the effect of the whole record is the same as the effect of the entry as amended. The most widely accepted doctrine is that notice is a prerequisite to a valid *nunc pro tunc* amendment unless in entering an incomplete judgment or one different from that the court rendered, as stated above, the error is apparent from an inspection of the record. [Mann v. Schroer, 50 Mo. 306.] In Clancy v. Realty Co., 10 S. W. (2d) 914, it is said:

"The making of an order of this character at a subsequent term of court, without notice to and in the absence of plaintiff and his counsel, was error."

The erroneous entry of judgment was set out in the motions to correct the same and is found in the record. Under the circumstances we hold there was no error in the action of the trial court in correcting the judgment *nunc pro tunc,* in accordance with the records in the case. For reasons above stated, the judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.