**ESTATE of Caroline Ada SAMPLE, Deceased, Plaintiff-Respondent,**

v.

**The TRAVELERS INDEMNITY COMPANY, Defendant-Appellant.**

No. 36703.

Missouri Court of Appeals, St. Louis District, Division One.

March 2, 1976.

Colson & Wagner, David L. Colson, Farmington, for defendant-appellant.

Schnapp, Graham & Reid, John Reid, Fredericktown, for plaintiff-respondent.

WEIER, Presiding Judge.

This is a case with a long judicial history. It was originally filed on July 29, 1969 by E.

A. Sample, Administrator of the estate of Ada C. Sample, Deceased, in the probate court of St. Francois County, Missouri. A proceeding under § 473.207, RSMo.1969, it sought to obtain damages on an alleged breach of the bond of the guardian of Caroline Ada Sample against her son, Truman R. Sample, the guardian, and the Travelers Indemnity Company, the surety. Problems involving a void appeal from the probate court to the circuit court were presented to this court in *State ex rel. Travelers Indemnity Co. v. Swink,* 440 S.W.2d 152 (Mo.App. 1969). Thereafter the case received the attention of the Supreme Court on an appeal from entry of a summary judgment in favor of plaintiff in *Estate of Sample v. Travelers Indemnity Company,* 492 S.W.2d 829 (Mo.1973). In that case the court determined that there were genuine issues as to material facts which remained to be resolved, and the case was remanded for trial on the factual issues. The case now appears in our court on appeal after a trial to a jury wherein verdict and judgment was in favor of plaintiff and against defendant Travelers Indemnity Company in the sum of $114,547.97.

We will not discuss the facts because the case on appeal immediately presents a question of appellate jurisdiction. After consideration of this problem, we have concluded that we do not have jurisdiction in the case and that the appeal must be dismissed.

This jurisdictional problem occurs because of a disclosure on October 31, 1974, just before trial, that Truman R. Sample, the prior guardian of the Estate of Caroline Ada Sample, and one of the defendants, had died on March 5, 1971. Within a few minutes after the court had convened to try the case, the attorney for Travelers Indemnity Company filed a suggestion of death and a motion to substitute parties. This paper suggested the death of Mr. Sample and requested the court to enter an order requiring substitution of a personal representative. The fact of death was also apparently known to plaintiff since a certificate of death was introduced in plaintiff's evidence.

After a discussion of the problems involved, the attorney for Travelers who filed the motion asked the question: " * * * Now, do I understand the Court then to be indicating that there is a dismissal as to Truman Sample in this case today?" The court replied: "It's the Court's understanding the Suggestion of Death just closes the case as far as Truman Sample is concerned." Attorney for plaintiff then responded: "Now, if it please the Court, just so there's no misunderstanding, we do not desire to have any dismissal as to Truman Sample in this case today. We never know what the Appellate Courts might do at a subsequent time." The court responded: "That's right." Again, the attorney for plaintiff: "In changing the law." The court then stated: "That's the reason I said that it's just closed as far as Truman today." Attorney for plaintiff: "It is not dismissed." The court: "No, * * * ."

The first point raised by defendant Travelers on appeal is that the trial court erred in proceeding without appointing a personal representative for the deceased defendant, Truman R. Sample, because Supreme Court Rule 52.12 required substitution upon suggestion of the death of a party. The reference to Rule 52.12 is not correct. The rule has been renumbered 52.13 and since its last amendment effective December 1, 1972, subparagraph (a) reads in pertinent part as follows: "52.13 Substitution of Parties—Dismissal (a) Upon Death. (1) If a party dies and the claim is not thereby extinguished, the court may, upon motion, order substitution of the proper parties. Suggestion of death may be made by any party or person in interest by the service of a statement of the fact of the death as provided herein for the service of a motion. A motion for substitution may be made by any party or by the successor or representative of the deceased party. Such motion, together with notice of hearing, shall be served upon the parties as provided in Rule 43.01, and upon persons not parties in the manner provided for the service of a summons. Unless a motion for substitution is

served within 90 days after a suggestion of death is filed, the action shall be dismissed as to the deceased party without prejudice."

It should be noted that whereas former Rule 52.12 made it mandatory upon the court to order substitution of parties after death after a proper motion is filed, new Rule 52.13 is couched in permissive language. Dismissal as to a deceased person is only mandatory if a motion for substitution is not served within 90 days after a suggestion of death is filed. Here, of course, the motion and suggestion of death were filed at the same time.

The problem readily becomes apparent in these procedural facts. No disposition has been made in the case as to the cause of action against defendant Truman R. Sample, the guardian of Caroline and principal on the bond. The plaintiff did not dismiss as to this defendant. In fact, plaintiff's counsel requested there be no dismissal as to Sample. The court has not ordered a substitution of a personal representative of this deceased defendant. Instructions of the case submitted plaintiff's cause of action only against the defendant Travelers Indemnity Company and the verdict and judgment were responsive to those instructions.

The question then arises as to whether it was necessary to have a personal representative appointed for the deceased guardian and defendant in this cause, Truman R. Sample, or whether it was possible to proceed to a separate judgment against the surety without a personal representative of the deceased guardian. As previously stated, this was a proceeding under § 473.207, supra. *Estate of Sample v. Travelers Indemnity Company, supra,* 492 S.W.2d at 830. This section and other sections relating to surety bonds of executors and administrators are made applicable to the bonds of guardians by § 475.100, RSMo. 1969. § 473.207 is a summary proceeding to determine the liability of the guardian (or executor or administrator) and is not to be confused with § 473.210, RSMo. 1969, which is an alternative remedy against a personal representative and the sureties "or either of them". *State ex rel. Langston v. Zorn,* 138 Mo.App. 713, 119 S.W. 517, 519 (1909). § 473.210 authorizes a suit on the bond itself and under the terms of the section suit may be brought in any court of competent jurisdiction against all or any of the persons obligated on the instrument or responsible to the estate, as in the case of any suit on a joint and several obligation. § 473.207, however, is directed toward a determination of liability of the personal representative and does not even require a surety to be a party, but allows intervention. Prior to its adoption by Laws 1955, p. 385, § 89, a summary proceeding similar in nature was found in §§ 461.560 and 461.570, RSMo. 1949. As to this summary proceeding, our Supreme Court in an early decision, *Brown v. Weatherby,* 71 Mo. 152 (1879), stated that it was an alternative remedy to a suit on the bond but the statute contemplated the presence of the personal representative in order that he might obey the order of the court and deliver to his successor the assets of the estate. The court noted that he could not be deemed disobedient to the order of the court unless notified that such an order would be made and an opportunity thus afforded him either to yield obedience to that order or else show lawful excuse why the order should not be entered. (l.c. 154). Since the liability of the surety was dependent upon that of the principal, it was first necessary that this opportunity be given the principal. In commenting on *Brown,* the court in *Judson v. Smith,* 104 Mo. 61, 15 S.W. 956, 959 (1891), described the holding therein to be that under this proceeding the surety of a personal representative who is delinquent could not be proceeded against in the summary way provided for in that section unless the delinquent principal were proceeded against at the same time. See also *State ex rel. Langston v. Canterbury,* 124 Mo.App. 241, 101 S.W. 678, 679 (1907) where it is stated that judgment in this summary type of proceeding must be against the principal, or personal representative, and the surety.

Although our present statute differs somewhat in terms, it is still summary in nature, dependent upon notice to the personal representative, and is a determination of the liability of the defaulting personal representative which is binding upon the sureties. The thrust of the section seems to be directed toward determination of the liability of the personal representative. In fact, once having determined the liability of the personal representative, a surety under subsection (3) of § 473.207, our present statute, is not even permitted to deny liability or to question his obligation. Under our view of this section, it appears that the court below has ignored the true nature of the inquiry and has treated the case as though it were a suit under § 473.210 which would authorize the finding of a judgment on the bond against the surety as in a suit upon a joint and several obligation.

 Because there has been no disposition of the case as to the deceased guardian, we are immediately confronted with a problem of jurisdiction. Although the parties do not raise it, we have the independent duty of determining whether we have appellate jurisdiction. *P.I.C. Leasing, Inc. v. Roy A. Scheperle Const. Co., Inc.,* 489 S.W.2d 219, 221[1] (Mo.App.1972).

 "The right of appeal shall be as provided by law." Rule 82.01. The law, by legislative enactment provides: "Any party to a suit aggrieved by any judgment of any trial court in any civil cause * * * may take his appeal to a court having appellate jurisdiction from * * * any final judgment in the case * * *." § 512.020, RSMo. 1969. "A judgment is the final determination of the rights of the parties in the action." Rule 74.01; *Barton v. City of Ellisville,* 504 S.W.2d 202[1] (Mo.App.1973). "Generally speaking, a final, appealable judgment is one which disposes of all parties and all issues in the case." *State ex rel. Fletcher v. New Amsterdam Cas. Co.,* 430 S.W.2d 642, 644[3] (Mo.App.1968). The judgment here is not a final judgment. It did not dispose of the case as to the deceased guardian, defendant Truman R. Sample. Since this remains to be done, the appeal is premature and must be dismissed.

The appeal is dismissed.

McMILLIAN and RENDLEN, JJ., concur.