THE TRAVELERS INSURANCE CO., APPELLANT, v. THE MISSOURI FARMERS MUTUAL TORNADO INSURANCE CO., RESPONDENT.—78 S. W. (2d) 518.

Kansas City Court of Appeals. November 13, 1934.

*James E. Rhodes II* and *Gardner Smith* for appellant.

*Walter C. Goodson* for respondent.

CAMPBELL, C.—Plaintiff's petition is in two counts. The first alleges that Samuel T. Funk was the owner of land in Knox County, Missouri; that in March, 1930, Funk and wife executed to plaintiff a deed of trust by the terms of which they conveyed the aforesaid land to W. J. Bales, Jr., as trustee to secure the payment of a note in the sum of $3000 executed by Funk and wife to the plaintiff; that in October, 1931, upon the written application of Funk, the defendant executed to Funk a contract of insurance by the terms of which defendant insured a barn located upon the land described in the deed of trust against loss or damage caused by windstorm; that at the request of Funk the defendant attached to the contract of insurance a

loss payable clause in which it is recited that "loss or damage, if any, on the buildings insured under this policy shall be payable to W. J. Bales, as assigns, mortgages, as his interest may appear at the time of loss, subject to all terms and conditions of this policy;" that the negotiations regarding the execution of the contract or insurance and the loss payable clause were had between Funk and the defendant; that it was the intent of Funk and defendant at the time said contract of insurance was executed to have the mortgage clause made payable to the mortgagee in the aforesaid deed of trust; that at the time the loss payable clause was executed and attached to the contract of insurance, Funk and defendant erroneously believed that the owner of the debt secured in the deed of trust was W. J. Bales. "That in truth and in fact there was no mortgage or deed of trust against said land at that time or any subsequent time in favor of or held or owned by W. J. Bales, but the owner and holder of the mortgage or deed of trust upon said land at the date of said contract of insurance and said mortgage clause were executed by the defendant was and is the plaintiff. That it was the intent of said S. G. Funk and the defendant to have said mortgage clause made payable to the plaintiff as the owner of said mortgage or deed of trust against said land but through a mutual mistake of fact on the part of said S. G. Funk and the defendant, its servants and agents, said mortgage clause was made payable to W. J. Bales instead of the defendant. That on account of such fact the plaintiff is entitled to have said mortgage clause reformed so as to express the true intention of the parties and to have it named as mortgagee therein instead of said W. J. Bales." The relief prayed for was that the loss payable clause be reformed by striking out the name of W. J. Bales and substituting the name of plaintiff therefor. The second count declared upon the loss payable clause as though it were reformed as prayed, alleged loss under the terms of the policy and prayed judgment for the amount thereof.

The answer was a general denial followed by allegations to the effect that the insured Funk failed to pay an assessment levied on the contract of insurance, and that such failure terminated the contract.

A trial to the court resulted in the court finding that the parties to the contract of insurance intended that the holder of the mortgage should be named in the mortgage clause; that the evidence warranted the reformation of the loss payable clause as prayed; that the insured failed to pay an asssessment on the policy, which failure terminated the insurance prior to the loss and that, therefore, plaintiff was not entitled to the relief prayed for in either count. Plaintiff appeals.

The evidence discloses that in September, 1931, the insured Funk

applied to the defendant for insurance against loss by windstorm on buildings located on the land described in the deed of trust which he had theretofore executed to the plaintiff. In the application it is stated that the loss, if any, on buildings shall be payable to W. J. Bales, mortgagee, as his interest may appear. The application was taken by the defendant's agent, McVay, and forwarded to the defendant's office in Macon, Missouri. The defendant, upon receiving the application, approved it, issued the contract of insurance, attached thereto the loss payable clause, and sent the contract to Funk. At the time the application was made Funk told defendant's agent, McVay, that Bales was the owner of the deed of trust. In the trial the plaintiff offered to prove that it was the practice of defendant in preparing mortgage clauses to be attached to policies of insurance "to make the mortgage clause payable to the person whom it believed, from the information furnished at the time, held the first mortgage against the property in question or was *cestui que trust* named in the first deed of trust covering the property upon which the improvements insured, were located." The offer, upon the objection of the defendant, was excluded. There was no evidence tending to show that defendant prior to the loss had information or knowledge that plaintiff was *cestui que trust* in the deed of trust executed by Funk and wife.

Error is not assigned to the action of the court in refusing the offer of proof above stated and for that reason we cannot consider the legal effect of the offer.

The only evidence tending to show mistake was that Funk believed that Bales was the owner of the note secured by the deed of trust and so informed the defendant's agent. Hence, there was no evidence to sustain the material allegations of plaintiff's petition that "it was the intent" of Funk *and defendant* to have the mortgage clause payable to the plaintiff.

Plaintiff cites the case of Vaught v. Home Insurance Company, 277 S. W. 940, and other cases in which the rule is announced that a court of equity in a proper case will reform a written instrument so as to conform to the intention of the parties. The applicable rule is well stated in the case of Wilhite v. Wilhite, 224 S. W. 448, as follows:

"However, before a court of equity will entertain a bill to reform a contract on the ground of mistake, the mistake must be mutual; that is, the contract must be written in terms which violate the understanding of both parties. (Cases cited.) The mistake must occur in reducing to writing the contract upon which the parties had agreed; the prior agreement upon the terms of the contract is presupposed. (Cases cited.) Proof of the prior agreement, which was erroneously written by mistake, must be clear and convincing. (Cases cited.)

In the present case the contract was written precisely as the defendant intended it should be written. The contract as written did not "violate the understanding" of the defendant nor was there mutual mistake "in reducing to writing a contract upon which the parties had agreed."

In the absence of clear and convincing evidence showing mutual mistake, the plaintiff is not entitled to a decree reforming the loss payable clause. From which it follows that plaintiff cannot maintain the cause of action stated in the second count of the petition. The judgment is affirmed. *Reynolds, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.